# Exhibit A

NO. _____

## 15 C I 00775

JEFFERSON CIRCUIT COURT
DIVISION _____
~~JUDGE~~ ~~JEFFERSON CIRCUIT COURT~~
~~DIVISION EIGHT (8)~~

PHARMERICA CORPORATION &
PHARMERICA EAST, INC.,

PLAINTIFFS

v.                              **COMPLAINT**

ADVANCED HCS LLC,
    2071 Flatbush Ave Suite 22
    Brooklyn, NY 11234

DEFENDANTS

    Serve registered agent:
    Interstate Agent Services
    LLC, 12830 Hillcrest Road,
    Suite 111, Dallas, TX 75230
    via certified mail,
    return receipt requested

TEXAS OPERATIONS MANAGEMENT LLC,
    2071 Flatbush Ave Suite 22
    Brooklyn, NY 11234

    Serve registered agent:
    Interstate Agent Services
    LLC, 12830 Hillcrest Road,
    Suite 111, Dallas, TX 75230
    via certified mail,
    return receipt requested

PINECREST SNF LLC,
BALCH SPRINGS SNF LLC,
BAY OAKS SNF LLC,
BENBROOK SNF LLC,
CLARKSVILLE SNF LLC,
COLONIAL MANOR NH SNF LLC,
COURTYARD SNF LLC,
GREENVILLE SNF LLC,
HENDERSON SNF LLC,
MONTEREY SNF LLC,

PALO PINTO SNF LLC,
PARK VIEW SNF LLC,
RIVER OAKS SNF LLC,
ROSENBERG SNF LLC,
SANTA FE SNF LLC,
SOUTHEAST SNF LLC,
STONEBROOK MANOR SNF LLC,
RENAISSANCE SNF LLC,
VERNON SNF LLC,
WEDGEWOOD SNF LLC,
WHITE SETTLEMENT SNF LLC,
SULPHUR SPRINGS SNF LLC,
PRAIRIE HOUSE SNF LLC,
EL PASO SNF LLC,
CLYDE SNF LLC,
COLONIAL MANOR SNF LLC,
MCALLEN SNF LLC,
VISTA HILLS SNF LLC,
GARDENDALE SNF LLC,
    368 New Hempstead Road #309
    New City, NY 10956.

    Serve each at their common
    registered agent:
    Interstate Agent Services LLC,
    11700 Preston Road, Ste. 660-238,
    Dallas, TX 75230-0000
    via certified mail,
    return receipt requested

TEDDY LICHTSCHEIN
    12 Mark Drive
    Spring Valley, NY 10977

    Serve via certified mail,
    return receipt requested

ELIEZER SCHEINER
    5 Celia Ct
    Sufern, NY 10901

    Serve via certified mail,
    return receipt requested

2

PALO PINTO COUNTY HOSPITAL DISTRICT as
a successor in interest to WEDGEWOOD SNF
LLC, PALO PINTO SNF LLC, BENBROOK SNF
LLC, WHITE SETTLEMENT SNF LLC, SANTA
FE SNF LLC, & CLYDE SNF LLC

    Serve: Harris Brooks
    400 SW 25th Avenue
    Mineral Wells, TX 76067
    via certified mail,
    return receipt requested

BAYLOR COUNTY HOSPITAL DISTRICT as a
successor in interest to MONTEREY SNF LLC,
VERNON SNF LLC, & RIVER OAKS SNF LLC

    Serve: N.E, Deweber
    Seymour Hospital
    200 N. Stadium Dr.
    Seymour, TX 76380
    via certified mail,
    return receipt requested

CHILDRESS COUNTY HOSPITAL DISTRICT as a
successor in interest to PRAIRIE HOUSE SNF
LLC

    Serve: John Henderson
    Childress Regional Medical Center
    901 HWY 83 North
    Childress, TX 79201
    via certified mail,
    return receipt requested

JACK COUNTY HOSPITAL DISTRICT as a
successor in interest to PARK VIEW SNF LLC

    Serve: Frank L. Beaman
    717 Magnolia St.
    Jacksboro, TX 76458
    via certified mail,
    return receipt requested

CORYELL COUNTY MEMORIAL HOSPITAL
AUTHORITY as a successor in interest to

3

COLONIAL MANOR NH SNF LLC, and
GARDENDALE SNF

   Serve: David K. Byrom
   Coryell Memorial Healthcare System
   507 W. Main St.
   Gatesville, TX  76528
   via certified mail,
   return receipt requested

*   *   *   *   *

     Plaintiff PharMerica Corporation and PharMerica East, Inc. (collectively "PharMerica"), by counsel, for their complaint against defendants, state as follows:

## NATURE OF ACTION

1.    This is an action for declaratory relief and to compel arbitration concerning breaches of Pharmacy Service Agreements ("PSAs") under which PharMerica exclusively provides goods and services to 29 nursing home facilities (the "Facilities") located throughout Texas.  The defendant entities are the current and former owners and operators of the Facilities that are bound by the PSAs.  The Facilities are collectively managed by Advanced HCS LLC, which operates under the assumed name Advanced Healthcare Solutions ("AHS").

2.    PharMerica is in the business of providing prescription medications to nursing home patients and providing pharmacy consulting and other urgent care pharmaceutical services to operators of nursing homes.  PharMerica has provided medications and pharmacy services to the Facilities pursuant to the PSAs for approximately six years.

3.    In mid-2014, the Facilities, through their operating entities, fell behind on payments to PharMerica for invoiced goods and services.  After falling behind, AHS

4

purported to terminate the PSAs for the 29 Facilities.  In approximately September of 2014, AHS and its affiliate, defendant Texas Operations Management LLC, orchestrated the sale of 13 of the Facilities to new ownership in an apparent effort to evade payment and terminate the PSAs.   These actions violated the PSAs, which are binding on successors and assigns.

4.      As of the filing of this complaint, PharMerica is owed in excess of $3.8 million for past goods and services provided to the Facilities. PharMerica has continued to provide such goods and services to the Facilities that have not required PharMerica to cease providing goods and services.

5.      The PSAs also contain liquidated damages provisions in the event of termination prior to the full PSA term, which does not expire until 2017.   In excess of $5 million is owed under the liquidated damage provisions of the PSAs.

6.      The PSAs contain provisions for mandatory arbitration to occur in Louisville, Kentucky.  PharMerica seeks to enforce those provisions and compel consolidated arbitration of PharMerica's claims in Louisville.

7.      Pursuant to Section 4(c)(3) of the PSA, PharMerica further seeks immediate declaratory relief confirming its interim rights and obligations to provide continuing services to patients of the Facilities during the pendency of dispute resolution.

8.      To the extent alternative dispute resolution among all parties is opposed, fails, is not agreed upon, or is waived by the parties, PharMerica seeks full judgment and relief in this Court for its claims.

## PARTIES, JURISDICTION, AND VENUE

9.    Plaintiffs PharMerica Corporation and PharMerica East, Inc. are Delaware corporations headquartered in Louisville, Kentucky.

10.    Defendant AHS is a Limited Liability Corporation incorporated under the laws of Texas with a principal office located at 2071 Flatbush Ave Suite 22, Brooklyn, NY 11234.

11.    Defendant Texas Operations Management LLC is a Limited Liability Corporation incorporated under the laws of Texas with a principal office located at 2071 Flatbush Ave Suite 22, Brooklyn, NY 11234.

12.    Defendants PINECREST SNF LLC, BALCH SPRINGS SNF LLC, BAY OAKS SNF LLC, BENBROOK SNF LLC, CLARKSVILLE SNF LLC, COLONIAL MANOR NH SNF LLC, COURTYARD SNF LLC, GREENVILLE SNF LLC, HENDERSON SNF LLC, MONTEREY SNF LLC, PALO PINTO SNF LLC, PARK VIEW SNF LLC, RIVER OAKS SNF LLC, ROSENBERG SNF LLC, SANTA FE SNF LLC, SOUTHEAST SNF LLC, STONEBROOK MANOR SNF LLC, RENAISSANCE SNF LLC, VERNON SNF LLC, WEDGEWOOD SNF LLC, WHITE SETTLEMENT SNF LLC, SULPHUR SPRINGS SNF LLC, PRAIRIE HOUSE SNF LLC, EL PASO SNF LLC, CLYDE SNF LLC, COLONIAL MANOR SNF LLC, MCALLEN SNF LLC, GARDENDALE SNF LLC, and VISTA HILLS SNF LLC are Limited Liability Corporations incorporated under the laws of Texas with a common principal office located at 368 New Hempstead Road #309, New City, NY 10956. These defendants shall collectively be referred to as the "SNF LLCs."

13.    Defendant Teddy Lichtschein is an individual residing in New York.

14.    Defendant Eliezer Scheiner is an individual residing in New York.

15.    Defendant Palo Pinto County Hospital District is a Hospital District with a principal place of business in Mineral Wells, Texas 76067.

16.    Defendant Baylor County Hospital District is a Hospital District with a principal place of business in Seymour, TX 76380.

17.    Defendant Childress County Hospital District is a Hospital District with a principal place of business in Childress, TX 79201.

18.    Defendant Jack County Hospital District is a Hospital District with a principal place of business in Jacksboro, TX 76458.

19.    Defendant Coryell County Memorial Hospital Authority is a Hospital Authority with a principal place of business in Gatesville, TX 76528.

20.    Defendants Palo Pinto County Hospital District, Baylor County Hospital District, Childress County Hospital District, Jack County Hospital District, Coryell County Memorial Hospital Authority shall collectively be referred to as the "Transferee Defendants"

21.    The amount in controversy meets the jurisdictional requirements of this Court.

22.    This Court may exercise personal jurisdiction over the defendants because the defendants are subject to a requirement of arbitration in this County pursuant to Section 16 of the PSAs.  Under Section 18(k) of the PSAs, all amounts owed to PharMerica are due and payable at PharMerica's corporate headquarters in this

7

County.   Defendants purposefully availed themselves to jurisdiction, or are otherwise subject to jurisdiction in this County, by agreeing to be bound (directly or as a successor) to the PSAs to receive goods and services from plaintiffs residing in this County, by accepting goods and services from this County, by engaging in a course of dealing with plaintiffs in this County, by placing orders and making payments to plaintiffs in this County, by breaching obligations owed to plaintiffs in this County, by contacting plaintiffs in this County purporting to terminate the PSAs, by directing tortious conduct against plaintiffs in this County, and/or by causing substantial injury and damages to plaintiffs in this County.   Given their substantial contacts and dealings with plaintiffs in this County, defendants are subject to personal jurisdiction in this Court.   Venue is proper in this Court for the same reasons.

## FACTS

### The terms of the PSAs

23.    In 2008, a predecessor in interest of PharMerica, Pharmaster L.P., entered into 29 PSAs with the operating entities of 29 nursing home facilities located in Texas (the Facilities).

24.    The provisions of the 29 PSAs are identical.

25.    Attached as <u>Exhibit A</u> is a true and accurate representative example of one of the PSAs.

26.    The "Customer" in each PSA was the entity that owned each respective facility at the time of execution.

8

27.    The "Pharmacy" in each PSA is Pharmaster L.P., a predecessor in interest of PharMerica.

28.    The initial term of each PSA is from October 20, 2008 through December 31, 2017.

29.    The PSAs provide that the Customer is obligated to use the Pharmacy as its exclusive supplier of pharmacy goods and services for the duration of the PSA term.

30.    Section 1(b) of the PSA provides:

> (b) During the term of this Agreement, Customer shall use Pharmacy for all of its requirements for Services and Products covered by this Agreement. Pharmacy shall be the sole, exclusive and preferred Pharmacy of Services and Products to the Facility, subject, however, to applicable laws relating to patient choice. Customer will require each resident electing to use a pharmacy other than the Pharmacy to specify such election in writing, and the Customer will provide a copy of such election to the Pharmacy. The Customer will require such pharmacy to comply with the polices and procedures for the dispensing of Products to the Facility residents, including without limitation, provisions for reporting, packaging and labeling of all items dispensed in a manner consistent with the chosen dispensing system of the Facility. Notwithstanding anything in this Agreement or any other agreement between Customer and Pharmacy to the contrary, the Pharmacy shall have no responsibilities for any resident who selects a pharmacy other than Pharmacy. Customer shall use its best efforts to support the provision of Products and Services by Pharmacy at all times.

(Exhibit A at § 1(b)).

31.    Under Section 5(a) of the PSA, the Customer and Pharmacy may only terminate the agreement with 90 days advance notice at the expiration of the initial term.    Otherwise the PSA automatically renews for three additional three-year periods.

32.    Section 5(a) of the PSA provides in full:

9

> (b) Term and Termination the Initial Term of this Agreement is as indicated on the signature page of this Agreement. The Agreement shall commence on the Effective Date. This Agreement will be automatically extended for three (3) additional three (3) year periods upon the expiration of the Initial Term and each extension or renewal term, unless either party will notify the other in writing no less than ninety (90) days prior to the expiration of such Initial Term, extension or renewal term of its election not to be extend the term for such additional period; provided, however, that no notice of termination from Customer will be valid unless it is current in its payments to Pharmacy.

(*Id.* at § 5(a)).

33.     The PSAs are binding on successors and assigns of the Pharmacy and Customer.

34.     Section 18(n) of the PSA provides:

> (n) This Agreement shall be binding on and shall inure to the benefit of the parties hereto, and each of their respective successors and assigns.

(*Id.* at § 18(n)).

35.     Section 15(a) of the PSA reiterates that the obligations of the PSA are binding on successors and assigns of the Customer, and that any change in ownership of the Facilities does not constitute grounds for termination or modification of the PSA.  Rather, as a condition of any transfer, the transferee must agree to assume all obligations under the PSA.

36.     Section 15(a) of each PSA provides:

10

> 15. Change in Facility Management. (a) This Agreement shall be binding upon and inure to the benefit of both parties and their successors and assigns. Nothing in this Agreement in intended nor will be deemed to confer any benefits on any third party. Any sale, lease, assignment, delegation or transfer of all or any portion of Customer's or Pharmacy's management, operations, facilities, assets, stock (or any equity) of business to any person, corporation or entity, including any company in the business of managing long-term care facilities (each such transaction collectively, a "Transfer" and the other party to the Transfer being the "Transferee"), will not constitute grounds for termination or modification of this Agreement by Customer or Pharmacy. In addition, Customer (and each successor and assign of Customer) will cause, and make as a requirement of any Transfer, each Transferee to assume in writing all obligations of Customer under this Agreement and utilize Pharmacy and its successors and assignees as the preferred and exclusive provider of all pharmaceuticals to the Customer and its residents ("Preferred Provider").

(*Id.* at § 15(a)).

37.    Under Section 15(b) of the PSA, in the event that a transferor fails to cause the transferee to assume in writing the obligations of the PSA, then the transferor shall be liable for a calculation of liquidated damages.

38.    Section 15(b) provides:

> (b) If Customer fails to comply with Section 15(a), Pharmacy will be entitled to recover immediately from Customer as liquidated damages, and not as a penalty, as amount equal to $40 per each licensed bed in the Customer multiplied by the remaining number of months in the initial term (or faction thereof). Both parties acknowledge and agree that the damages which Pharmacy would suffer upon Customer's failure to comply with Section 15(a) would be difficult to calculate, and that the liquidated damages set forth herein represent the parties' reasonable estimate of the actual damages that would be incurred by Pharmacy in the event of any such termination. The liquidated damages payable under this subparagraph shall be in addition to amounts payable under this Agreement for goods sold, services rendered and other claims and charges attributable to the period prior to the effective date for failure to comply with Section 15(a).

(*Id.* § 15(b)).

11

39.    Under Section 16 of the PSA, disputes regarding the PSA, with the exception of certain rights that the Pharmacy has under Section 4(c)(3), are subject to mandatory and binding arbitration.

40.    Section 16 of the PSA provides:

> 16. Arbitration. All disputes, controversies or claims (whether in contract, tort or otherwise) that may arise between Customer and Pharmacy, including, but not limited to, a change in law under Section 13, ("Arbitrable Matters"), shall be resolved in accordance with the procedures specified in this Section 16, which shall be the sole and exclusive procedures for resolution. Notwithstanding the foregoing sentence, Pharmacy's actions pursuant to Section 4 (c)(3) shall not be subject to Section 16.

(*Id.* § 16(a)).

41.    Section 16(a) of the PSA provides that arbitration of disputes is subject to the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

42.    Section 4(c)(3) of the PSA gives the Pharmacy the right to take remedial actions, at its discretion, in the event the Customer fails to pay any invoice when due. These actions are not subject to the arbitration requirement of Section 16.

43.    Section 4(c)(3) of the PSA provides:

> (3) In the event the Customer fails to pay any invoice when due, the Pharmacy, at its sole discretion, and in addition to any other right or remedy, , shall, upon three (3) days written notice to Customer, have the right to: (i) declare all of Customer's outstanding invoices immediately due and payable in full, (ii) immediately suspend deliveries to the Facility; and (iii) require the Customer to pay on a COD basis for all Products delivered to the Customer until all of the Customer's invoices to the Pharmacy are current.

(*Id.* § 4(c)(3)).

44.     Section 4(c)(1) of the PSA allows the Pharmacy to recover interest on overdue payments, as well expenses and attorneys' fees and costs incurred in collection.

45.     Section 4(c)(1) of the PSA provides,

(1) For any amount owed that has not been paid in accordance with the payment terms extended to Customer by this Agreement, interest will be charged by Pharmacy on all outstanding amounts and calculated at the rate of 1.5% per month, or the highest rate permitted by law, whichever is less, from the due date until the outstanding amount and interest is paid in full. Customer shall reimburse Pharmacy for any and all outstanding expenses incurred in collecting payment, including, but not limited to, reasonable attorneys' fees and costs.

(*Id.* § 4(c)(1)).

46.     A Customer may not attempt to terminate the PSA if that Customer is behind on payment of invoices.

47.     Section 4(c)(2) of the PSA provides:

(2) Unless Customer is current under the payment terms, Customer shall have no right to terminate this Agreement without the express written consent of Pharmacy, which consent Pharmacy may withhold without reason

(*Id.* § 4(c)(2)).

### The SNF LLCs acquire the nursing homes and assume the PSAs

48.     In 2009, the 29 SNF LLCs acquired ownership of the assets associated with the 29 Facilities.

49.   In connection with each acquisition, the SNF LLC executed an Assignment and Assumption Agreement with the transferring entity whereby the SNF LLC assumed the obligations of the existing PSA.

50.   Attached as Exhibit B is a true and accurate representative example of one of the 29 Assignment and Assumption Agreements.  The terms of the 29 Assignment and Assumption Agreements are identical.

51.   Eliezer Scheiner, as the authorized member of Texas Operations Management LLC, signed the 29 Assignment and Assumption Agreements on behalf of the SNF LLCs.

52.   Section 2 of the Assignment and Assumption Agreement provides:

> 2.    Assignee hereby accepts the assignment by Assignor and Assignee assumes and agrees to be responsible for all obligations of Assignor arising on or after the effective time of this Agreement with respect to the Pharmacy Agreement.

53.   Section 3 of the Assignment and Assumption Agreement provides:

> 3.    Assignee hereby agrees to use PharMerica and its affiliates and their respective successors and assignees as the preferred and exclusive provider of all pharmaceuticals to Assignee and its residents in accordance with the Pharmacy Agreement.

## AHS assumes management and unsuccessfully attempts to void the PSAs

54.   In February 2010, AHS took over operations and consulting services for the Facilities, replacing P&M Healthcare Enterprises.

55.   AHS, Texas Operations Management LLC, and SNF LLCs have overlapping management and ownership.  Teddy Lichtschein and Eliezer Scheiner are managers of both AHS and Texas Operations Management LLC.  Teddy Lichtschein and

14

Eliezer Scheiner are managers, officers, directors and/or owners of each of the SNF LLCs. Texas Operations Management LLC is a manager of each of the SNF LLCs. AHS and Texas Operations Management LLC share the same corporate address in New York. All the SNF LLCs share the same address in New York.

56.    On September 14, 2010, after AHS took over operations and consulting services for the Facilities, the SNF LLCs collectively filed suit against PharMerica in the United States District Court for the Middle District of Texas in the case 2:10-cv-00363. In that lawsuit (the Texas Litigation), the SNF LLCs sought to void their obligations under the PSAs.

<u>The Memorandum of Understanding</u>

57.    In October 2012, the parties to the Texas Litigation mediated their claims and reached a settlement.

58.    The settlement of the Texas Litigation was memorialized in a Memorandum of Understanding and Rider (the "MOU") executed on October 12, 2012. A true and accurate copy of that document is attached as <u>Exhibit C</u>.

59.    Texas Operations Management LLC executed the MOU on behalf of the SNF LLCs.

60.    Pursuant to Section 2 the MOU, the SNF LLCs became obligated to sign and enter, within three months, "new Pharmacy Services Agreements ("PSAs") with PharMerica which PSAs shall expire no later than the date that the Existing PSAs were to expire. The form of the Existing PSAs shall be utilized in connection with creating the PSAs and the existing pricing schedules shall be used except to the

extent that modification of either the forms or pricing has been agreed to herein . . .
In no event shall any term or pricing schedule of the PSAs be less favorable than
the corresponding term or pricing schedule of the Existing PSAs."

61.    PharMerica fully performed all its obligations under the MOU.

62.    Texas Operations Management LLC and the SNF LLCs failed to comply with
their obligation to execute a new PSA.  Instead, PharMerica, Texas Operations
Management LLC, and the SNF LLCs continued to operating under the existing
PSAs through mid-2014.

## The Facilities fall behind on payments

63.    In mid-2014, the Facilities began falling substantially behind on payments to
PharMerica.

64.    Efforts to addresses these outstanding invoices with AHS, who handles
payments for the Facilities, proved fruitless.

## AHS transfers 13 nursing homes

65.    In late 2014, AHS and/or Texas Operations Management LLC orchestrated
the sale of 13 of the Facilities from the SNF LLCs to the Transferee Entities.  These
transfers occurred without notice to PharMerica, and without the assignment and
assumption agreement required by Section 15(a) of the PSA.

66.    The transfers occurred as follows:

(a)    Defendant  Palo  Pinto  County  Hospital  District  acquired
WEDGEWOOD SNF LLC, PALO PINTO SNF LLC, BENBROOK SNF LLC,
WHITE SETTLEMENT SNF LLC, SANTA FE SNF LLC, and CLYDE SNF LLC.

16

(b)    Defendant Baylor County Hospital District acquired MONTEREY SNF LLC, VERNON SNF LLC, and RIVER OAKS SNF LLC.

(c)    Defendant Childress County Hospital District acquired PRAIRIE HOUSE SNF LLC.

(d)    Defendant Jack County Hospital District acquired PARK VIEW SNF LLC.

(e)    Defendant Coryell County Memorial Hospital Authority acquired COLONIAL MANOR NH SNF LLC and GARDENDALE SNF.

67.    Investigation of these transfers is ongoing.

## AHS purports to terminate the PSAs

68.    December 30, 2014, AHS sent letters to PharMerica purporting to terminate PharMerica's privileges at 22 of the Facilities.  The letters say that the termination is "for cause," without explanation.    One additional facility, owned by GARDENDALE SNF LLC, purported to terminate PharMerica's services in late 2014.    There is no provision of the PSAs that permits these terminations.  The PSAs expressly prohibit termination when the Customer is behind on payments.

69.    On January 13, 2015, PharMerica sent notices to these 22 Facilities, exercising its rights under Section 4(c)(3) of the PSAs to demand cash on delivery for any continuing products or services provided to the Facilities.

70.    On January 15, 2015, AHS sent letters to PharMerica purporting to terminate PharMerica's privileges at an additional 6 Facilities.  The letters again say that the termination is "for cause," without explanation.

17

71.    On February 5, 2015, PharMerica sent letters to the Transferee Defendants, notifying them of the obligations of the PSA and the dispute with AHS.  PharMerica received a response from one of the Transferee Defendants instructing that all inquiries should go to AHS, who was still managing the Facilities after the ownership change.

72.    On information and belief, AHS is still managing the operations of all the Facilities after the 13 transfers.

### Current Levels of Default

73.    PharMerica is currently owed in excess of $3.8 million for past invoices for goods and services provided to the Facilities within the last year.

74.    PharMerica is currently owed in excess of $5 million under the liquidated damage provisions of the PSAs.

### COUNTS

75.    PharMerica incorporates by reference and hereby realleges as if fully set forth herein, the above paragraphs for each of the following Counts.

### Count 1 – Expedited Declaratory Judgment

### (All Defendants)

76.    PharMerica seeks an expedited declaratory judgment pursuant to KRS 418.045 and CR 57 that:

(a)    The PSAs for the 29 Facilities remain valid and binding;

(b)    AHS's purported termination was invalid;

(c)    The PSAs are binding on successors and assigns; and

(d)    Pursuant to Section 4(c)(3) of the PSA, PharMerica further seeks immediate declaratory relief confirming its interim rights and obligations to provide continuing services to patients of the Facilities during the pendency of dispute resolution.

## Count 2 – Order Compelling Arbitration

### (All Defendants)

77.    Defendants and their successors in interest are subject to the dispute resolution obligations under Section 16 of the PSAs.

78.    PharMerica seeks an order under the Federal Arbitration Act compelling consolidated arbitration among all defendants in accordance with the terms of the PSAs.

79.    To the extent that alternative dispute resolution among all parties is opposed, fails, is not agreed upon, or is waived by the parties, PharMerica seeks full judgment and relief in this Court for the remaining claims below.

## Count 3 – Specific Performance

### (All Defendants)

80.    PharMerica seeks an order of specific performance requiring Texas Operations Management LLC and the SNF facilities to execute new PSAs according to the terms of the MOU.

81.    PharMerica seeks an order of specific performance requiring Texas Operations Management LLC and the SNF facilities to execute assignment and

assumption agreements with the Transferee Defendants in accordance with Section 15(a) of the PSA.

## Count 4 – Breach of Contract

### (Texas Operations Management LLC and the SNF LLCs)

82.    Texas Operations Management LLC and the SNF LLCs have breached their obligations under the MOU and the PSAs by (1) failing to make payments as due, (2) attempting wrongful termination of the agreements, (3) failing to execute new PSAs according to the terms of the MOU, and (4) failing to cause the Transferee Defendants to execute assignment and assumption agreements as a condition of transfer.

83.    As a direct and proximate result of these breaches, PharMerica has suffered, and will continue to suffer until such breaches are ended and cured, immediate and irreparable injury and damages.

84.    PharMerica is entitled to recover damages for these breaches.

## Count 5 – Unjust Enrichment

### (All Defendants)

85.    PharMerica provided goods and services to defendants without compensation.

86.    PharMerica is entitled to fair and just compensation for the benefits conferred to defendants.

## Count 6 – Tortious Interference with
## Existing Contract and Prospective Business Expectancies

### (Lichtschein, Scheiner, AHS, Texas Operations Management LLC)

87.    Defendants Lichtschein, Scheiner, AHS, Texas Operations Management LLC intentionally, knowingly, improperly, and without justifiable cause interfered, and continue to interfere, with the business relations and expectancies between PharMerica and the Facilities, the SNF LLCs, and the Transferee Defendants with respect to the PSAs and the pharmacy services provided to the Facilities and their patients.

88.    As a direct and proximate result of the actions of defendants, PharMerica has been injured, suffered damages, and continue to suffer damages.

89.    PharMerica is entitled to recover from defendants, jointly and/or severally, all damages resulting from this interference as well as punitive damages.

### Count 7 – Civil Conspiracy

### (Lichtschein, Scheiner, AHS, Texas Operations Management LLC, and the SNF LLCs)

90.    Defendants Lichtschein and Scheiner, by and through the use of the entities they formed and control, conspired and otherwise acted in concert through intentional and unlawful means to accomplish a common unlawful purpose as set forth in the Counts above.

91.    As a direct and proximate cause of these actions, PharMerica has been injured, suffered damages, and continues to suffer damages.

21

92.    PharMerica is entitled to recover compensatory and punitive damages against defendants Lichtschein, Scheiner AHS, Texas Operations Management LLC, and the Facility LLCs jointly and/or severally.

## Count 8 – Alter Ego Piercing

### (Lichtschein, Scheiner, AHS, Texas Operations Management LLC, and the SNF LLCs)

93.    Defendants Lichtschein, Scheiner, AHS, Texas Operations Management LLC, and the SNF LLCs, through a scheme of corporate structures and transactions involving substantially interrelated entities dominated by these defendants, have attempted to evade liability to PharMerica.

94.    To allow defendants to proceed in this manner would condone fraud.

95.    Defendants have structured these entities as a facade to mask actual assets and thwart recovery of funds and assets.   This structure includes layered shell entities with insufficient capitalization.   A representative of AHS and the SNF LLCs has told PharMerica that certain of the SNF LLCs are insolvent.

96.    Below is a picture taken from Google Streetview of the principal office of AHS and Texas Operations Management LLC at 2071 Flatbush Ave Suite 22, Brooklyn, NY 11234:



97.    Below is a picture taken from Google Streetview of the principal office of all 29 of the SNF LLCs at 368 New Hempstead Road #309, New City, NY 10956:



98.    To the extent collection of the judgment sought herein is impaired or uncollectable against defendants Lichtschein, Scheiner, AHS, Texas Operations Management LLC, or the SNF LLCs, then PharMerica should be entitled to full

recovery from any one of these defendants, jointly and/or severally, of all actual and punitive damages awarded in connection with the above counts.

99.    PharMerica is entitled to immediate and expedited discovery during the pendency of dispute resolution to investigate the assets and operations of these defendants and any asset transfers.

## PRAYER FOR RELIEF

WHEREFORE, PharMerica demands judgment against as follows:

(a)    For an expedited declaratory judgment pursuant to KRS 418.045 and CR 57 that the PSAs were not terminated, that the PSAs are binding on all defendants and their successor and assigns, and that PharMerica may exercise all rights under Section 4(c)(3) of the PSA;

(b)    For an order under the Federal Arbitration Act compelling consolidated arbitration in accordance with the PSAs;

(c)    For specific performance of Section 15(a) of the PSA requiring that the applicable 13 SNF LLCs execute an assignment and assumption agreement with the Transferee Defendants;

(d)    For all past due amounts owed, liquidated damages, plus all other damages and lost profits caused by the breaches of the PSAs and MOU;

(e)    Immediate and expedited discovery to investigate the assets and operations of these defendants

(f)    Punitive damages;

(g)    Pre-judgment and post-judgment interest;

(h)    Attorney's fees and costs; and

(i)    All other appropriate relief to which it is entitled.

Respectfully Submitted,

Clark C. Johnson
David Bryan Owsley II
Timothy D. Thompson
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
Email: cjohnson@stites.com
        dowsley@stites.comv
        tthompson@stites.com
COUNSEL FOR PLAINTIFF

# Exhibit A

## PHARMACY SERVICES AGREEMENT

This Pharmacy Services Agreement ("Agreement") is made between PharMaster, L.P. ("Pharmacy" or "Provider"), and the party identified below as "Customer". The parties agree as follows:

### BACKGROUND:

The parties hereto entered into that certain Pharmacy Services Agreement dated 2/1/2008 (the "Original Pharmacy Agreement") pursuant to which the Pharmacy agreed to provided certain pharmacy services to the Customer.

The Original Pharmacy Agreement was amended and restated by that certain Pharmacy Services Agreement dated as of January 1, 2008 (the "A&R Pharmacy Agreement").

The parties hereto desire to further amend and restate the A&R Pharmacy Agreement as hereinafter provided:

NOW, THEREFORE, the parties agree as follows:

1. Pharmacy affiliates warrants and represents that it has the legal power and authority to, and by executing this Agreement intends to, enter into a legal, valid, and binding obligation on behalf of, and enforceable against, its operating affiliates that provide Services and Products (as further defined in this Agreement) pursuant to this Agreement.

2. Customer represents and warrants that, if Customer is not the actual licensee for the health care facility ("Facility") identified below, Customer has the legal power and authority to, and by executing this Agreement intends to, enter into a legal, valid, and binding obligation on behalf of, and enforceable against, both Customer and the actual licensee of the Facility, and the person signing as Customer's representative shall be directly liable to Pharmacy for Customer's responsibilities under this Agreement if such is not the case.

3. Pharmacy will provide pharmacy-related Services and Products to the Facility in accordance with the terms and conditions of this Agreement.

4. The Schedules attached hereto, indicated by a check in the applicable box below, are hereby incorporated by reference into this Agreement; if a box is not checked, the corresponding Schedule does not constitute part of this Agreement.

   • Terms and Conditions:

      ☒ Schedule A-1 – Standard Services and Pricing
      ☒ Schedule A-4 – Infusion Therapy Services and Pricing
      ☒ Schedule A-6 – MedMate™ Services and Pricing

The Initial Term of the Agreement is effective beginning on October 20, 2008 ("Effective Date") and will end at 11:59 p.m. on December 31, 2017.

IN WITNESS WHEREOF, the parties have executed this Agreement and intend to be legally bound by it.

"Pharmacy"

PharMaster, L.P.
a Texas Limited Partnership
By: PharMaster GP, LLC,
   a Texas limited liability company

By: _____
   Peter J. Llean, President

Dated: October 20, 2008

"Customer"
Balch Springs Nursing Home, LP

d/b/a Balch Springs Nursing Home
   By:  Balch Springs Nursing Home GP, LLC

   By: _____
      Michael D. D'Arcangelo, Vice President

Dated: October 20, 2008

## PHARMACY SERVICES AGREEMENT

**Pharmacy's Address for Notice:**

230 Westway
Suite 105
Arlington, TX 76018

**With Required Copies to:**

Michael D. D'Arcangelo
PharMaster, L.P.
200 Dryden Road, Suite 2000
Dresher, PA 19025-1048

**Name & Address of Facility:**

Balch Springs Nursing Home
4200 Shepherd Lane
Balch Springs, TX 75180

**License No.  NPI # 1386632750**

**Customer's Address for Notice:**

# PHARMACY SERVICES AGREEMENT

## Terms and Conditions

**1. Services.**

(a) During the Term of this Agreement, Pharmacy will provide to the Facility the pharmacy-related services ("Services") and prescription drugs and other health care related products and medical devices ("Products") described in the Schedule(s) attached in accordance with the Terms and Conditions of this Agreement.

(b) During the term of this Agreement, Customer shall use Pharmacy for all of its requirements for Services and Products covered by this Agreement. Pharmacy shall be the sole, exclusive and preferred Pharmacy of Services and Products to the Facility, subject, however, to applicable laws relating to patient choice. Customer will require each resident electing to use a pharmacy other than the Pharmacy to specify such election in writing, and the Customer will provide a copy of such election to the Pharmacy. The Customer will require such pharmacy to comply with its polices and procedures for the dispensing of Products to the Facility residents, including without limitation, provisions for packaging, packaging and labeling of all items dispensed in a manner consistent with its chosen dispensing system of the Facility. Notwithstanding anything in this Agreement or any other agreement between Customer and Pharmacy to the contrary, the Pharmacy shall have no responsibilities for any resident who selects a pharmacy other than Pharmacy. Customer shall use its best efforts to support the provision of Products and Services by Pharmacy at all times.

(c) Customer shall advise its residents that Pharmacy is the preferred Pharmacy of pharmacy services at the Facility.

(d) Customer acknowledges that certain Services are performed by Pharmacy only in connection with other Services performed and/or Products dispensed by Pharmacy. For example, pharmacist-consulting Services may only be performed by Pharmacy for Facility residents receiving Products from and served by Pharmacy. Accordingly, Customer shall not require Pharmacy to perform Services for residents when such residents are not receiving Products from Pharmacy.

(e) Pharmacy may, in its sole discretion, substitute a lower cost equivalent drug when allowed by the prescriber and/or the payor for the name brand prescribed by the prescriber that shall represent the lowest cost available to the payer, if medically appropriate.

(f) In the event Customer elects not to receive consulting services from Pharmacy, Customer shall provide pharmacy consulting services to its residents as necessary and Pharmacy shall have no obligation to provide any such consulting services.

**2. Equipment.** Where permitted by law, Pharmacy will provide to the Facility mobile medication carts and other equipment (such as infusion administration devices) as Pharmacy deems necessary, in its sole discretion, for the provision of the Services and Products at the Facility, and one fax machine (collectively the "Equipment") on the following terms:

(a) The Customer shall use the Equipment only in connection with its use of Pharmacy's Services at the Facility. For example, Customer will use the fax machine to submit orders and documentation to, and receive documentation from, Pharmacy for the Facility and for no other purpose.

(b) Equipment provided by Pharmacy shall remain Pharmacy's property, and Customer shall retain the equipment to Pharmacy upon termination of this Agreement for any reason. Customer shall not assert any ownership interest in the Equipment. Customer shall cooperate with Pharmacy in the filing of any Uniform Commercial Code ("UCC") financing statements or other filings requested by Pharmacy to evidence that the Equipment is owned by Pharmacy, and Customer shall return the Equipment to Pharmacy upon request in substantially the same condition as it was on the date first provided to Customer, reasonable wear and tear excepted, Customer shall be responsible for ordering and paying for all fax machine supplies.

(c) Customer shall maintain the Equipment in good and serviceable condition, and shall be responsible for any loss of or damage to the Equipment that occurs while the Equipment is in its possession, including, but not limited to, any theft, vandalism, or other misuse. Pharmacy will replace and/or repair the Equipment as it determines is needed due to normal wear and tear.

**3. Customer's Responsibilities.** During the term of this Agreement, Customer shall do the following:

(a) Designate one or more employees at the Facility who have the authority and responsibility to implement the Services in coordination with Pharmacy.

(b) Coordinate the medication and therapeutic needs of each Facility resident obtaining Services and Products under this Agreement with the resident's physician, Pharmacy, and all other medical professionals and prescription drug payors with a role in the resident's care, including, but not limited to, any prescription drug payment plan or other third-party payer. Customer shall use its best efforts to cause to be implemented any required modification of a residents' treatment with their physician which the Pharmacy deems necessary to be consistent with Pharmacy's Formulary Manual Guidelines (the "Formulary") or obtain payment from the resident's insurance or payment plan, provided that such change is medically appropriate, Customer will provide Pharmacy with access to its medical records database for the residents.

(e) Adopt the Pharmacy's Pharmacy Policies and Procedures ("Pharmacy Manual") upon the commencement of this Agreement. The Customer will also provide a copy of the Formulary to key prescribing physicians and such consultant pharmacists furnishing Services at the Facility, encourage the physicians, nurse practitioners and pharmacists to use the Formulary to assist them and Pharmacy in improving drug therapy for residents, and refrain from distributing or recommending the use of any other formulary

at the Facility. The Formulary and the Manual may be amended from time to time at the discretion of Pharmacy, consistent with applicable law.

(d) Obtain any necessary consents or authorizations from the resident, or his or her legally responsible representative as applicable ("Resident's Agent"), that are required by Pharmacy to efficiently and effectively provide the Products and Services.

(e) Provide sufficient access to, and adequate space within, the Facility to enable Pharmacy to carry out its obligations under the Agreement.

(f) Cooperate fully with Pharmacy to process or comply with prior-authorization requirements of third party payers in a timely manner. Customer shall be responsible for coordinating all actions required of a resident's physician in such cases.

(g) Store and handle all medications provided by Pharmacy in accordance with the specifications of their manufacturer, the applicable rules and regulations governing such activities and the instructions of Pharmacy.

(h) Provide a current resident census to Pharmacy in accordance with Pharmacy's resident census reporting requirements, including, but not limited to, resident's name, address, phone number, billing address, Medicare and Medicaid numbers, physician names, complete responsible party information, and source of reimbursement/payment for Products and Services. This information shall be provided initially at the time of admission and thereafter at any time in which any changes occur therein. Customer acknowledges that Pharmacy relies exclusively upon Customer as the sole source of resident census information, and further acknowledges that Pharmacy's ability to accurately charge Customer for residents for Services and Products is entirely dependent upon Customer's timely and third-party payors' timely and accurate reporting of both the initial resident census and any subsequent changes thereto; accordingly, Customer agrees to fully comply with Pharmacy's resident census reporting requirements, which requirements may be updated from time to time at the sole discretion of Pharmacy.

**4. Reimbursement & Related Conditions.**

(a) Pricing. Reimbursement for Services and Products shall be determined in accordance with the formulas, fees and other terms as indicated in the applicable Schedule(s) of this Agreement.

(b) Charges. Charges for Services and Products shall be accumulated for each calendar month and provided to Customer in the form of a consolidated monthly statement of charges.

(c) Payment Terms. Customer shall remit payment in full to Pharmacy within sixty (60) days of the statement date.

(1) For any amount owed that has not been paid in accordance with the payment terms extended to Customer by this Agreement, interest will be charged by Pharmacy on all outstanding amounts and calculated at the rate of 1.5% per month, or the highest rate permitted by law, whichever is less, from the due date until the outstanding amount and interest is paid in full. Customer shall reimburse Pharmacy for any and all outstanding expenses incurred in collecting payment, including, but not limited to, reasonable attorneys' fees and costs.

(2) Unless Customer is current under the payment terms, Customer shall have no right to terminate this Agreement without the express written consent of Pharmacy, which consent Pharmacy may withhold without reason

(3) In the event the Customer fails to pay any invoice when due, the Pharmacy, at its sole discretion, and in addition to any other right or remedy, shall, upon three (3) days written notice to Customer, have the right to: (i) declare all of Customer's outstanding invoices immediately due and payable in full, (ii) immediately suspend deliveries to the Facility; and (iii) require the Customer to pay on a COD basis for all Products delivered to the Customer until all of the Customer's invoices to the Pharmacy are current.

(c) Pharmacy and Customer agree to negotiate in good faith any disputed charges. Customer further agrees that Services and Products provided under this Agreement cannot be recovered by Pharmacy as a remedy to any dispute as those comprise either Services that have been rendered or Products that have been consumed and are therefore unrecoverable costs of Pharmacy for which Customer has benefited. Any disputed charge arising out of Customer's failure to comply with Pharmacy's census reporting requirements in Section (3)(h) above shall be resolved in the favor of Pharmacy and Pharmacy's charges therein shall be deemed accurate.

(d) Except where Customer is the primary payor, Pharmacy will make reasonable commercial efforts to secure reimbursement for Services and Products from applicable third-party payers and Customer agrees to cooperate fully with Pharmacy to facilitate such reimbursement. However, if after ninety (90) days such reimbursement cannot be procured by Pharmacy from such third-party payers, Pharmacy may charge Customer, and Customer shall agree to pay, such charges. Thereafter any subsequent payments received by such third parties shall be returned to Customer by Pharmacy in the form of an invoice credit. Nothing in this Agreement requires Pharmacy to participate in any particular third party payer's program. If a resident does not maintain insurance with an insurer that has contracted with Pharmacy, Customer shall assist in transitioning such resident to an insurer accepted by Pharmacy. In cases where residents do not have insurance coverage for the entire amount of the charge for Product and Services

## PHARMACY SERVICES AGREEMENT

provided by Pharmacy, Customer shall, at Pharmacy's request, use its best efforts to obtain a current credit card, debit card or secure a deposit from the resident and provide it to Pharmacy prior to further dispensing of Products and rendering of Services.

(e) Customer shall be responsible for paying all applicable taxes for Services and Products provided under this Agreement, including, but not limited to, any sales taxes or other assessments incurred by Pharmacy.

(f) Disputed Charges. Notwithstanding any provisions in the Agreement contrary, all billing disputes shall be governed by this Section 4.

(1) If Customer disputes any statement charge, Customer shall: (i) provide written notice to Pharmacy of the dispute before the payment due date and include documentation relating the charge in dispute; and (ii) pay by the payment due date all undisputed amounts on the statement. A written notice and documentation must be provided for each individual disputed charge. Any charge disputed by Customer that is not presented to Pharmacy in accordance with this Subsection (4)(f)(1) shall be waived. Customer and Pharmacy agree that TIME IS OF THE ESSENCE under this Subsection (4)(f)(1). Customer shall not withhold payment of any amount for which there is not a reasonable basis for dispute.

(g) Private Pay Residents. For any resident utilizing the Services and Products of Pharmacy, and who is not eligible for coverage under a third party program accepted by Pharmacy ("Private Pay Residents"), Pharmacy will charge the Private Pay Resident or his or her legally responsible representative as applicable, ("Resident's Agent"). In each case, Customer shall, at Pharmacy's request, use its best efforts to obtain a current credit card, debit card or secure a deposit from the resident and provide it to Pharmacy prior to further dispensing Customer agrees to cooperate fully with Pharmacy to facilitate such reimbursement arrangements with any Private Pay Resident or Resident's Agent. If the Private Pay Resident or the Resident's Agent fails to pay any amount due to Pharmacy, Pharmacy may suspend providing Services and Products to the resident until all amounts are paid in full. Before Pharmacy suspends provision of Services and Products to a Private Pay Resident, Customer shall be given the option of assuming all past and future financial responsibility for Services and Products for the Private Pay Residents. If Customer does not desire to assume such liability, Pharmacy may, in its sole discretion, terminate service to the Private Pay Resident at any time.

(h) Returns. Pharmacy shall manage returns in accordance with its then current return policy, which Pharmacy may amend from time to time. Pharmacy shall provide a copy of its return policy to Customer upon Customer's written request.

5.  Notice of Failure to Perform / Term and Termination

(a) At any time during the Term, if a party (the "Non-complaining Party") fails to perform any of its substantial obligations under this Agreement in any material respect, then the other party (the "Complaining Party") may issue a written notice specifying in detail the nature of the failure. The Non-complaining Party shall have sixty (60) days (or in the case of Customer's failure to pay money when due, three (3) days) from receipt of the written notice to cure the failure. If the Non-complaining Party does not cure the failure within the applicable time period, the Complaining Party may seek arbitration pursuant to Section 15; provided, however that if the nature of the failure is such that it cannot reasonably be cured within sixty (60) days, and the Non-complying Party promptly provides written notice thereof to the Complaining Party, then the Non-complaining Party shall have an additional (60) days to cure the failure.

(b) Term and Termination the Initial Term of this Agreement is as indicated on the signature page of this Agreement. This Agreement shall commence on the Effective Date. This Agreement will be automatically extended for three (3) additional three (3) year periods upon the expiration of the Initial Term and each extension or renewal term, unless either party will notify the other in writing no less than ninety (90) days prior to the expiration of such Initial Term, extension or renewal term of its election not to be extend the Term for such additional period; provided, however, that no notice of termination from Customer will be valid unless it is current in its payments to Pharmacy

(c) Customer Termination Void if Charges Past Due. Notwithstanding anything in Section (5) above, a notice of termination issued by Customer shall have no force and effect, and shall be invalid, should any charges for Services and Products be unpaid or in dispute at the time notice is given.

(d) Effect of Termination. Termination of this Agreement shall not release or otherwise affect any liability of either party for failure to perform its respective duties and obligations under this Agreement prior to the effective date of such termination. Each party's rights and remedies under this Agreement are cumulative and in addition to all other rights that the party has under applicable law.

7.  Third Parties. Except as specifically set forth in this Agreement, this Agreement does not create any rights enforceable by any third party, including, but not limited to, any resident or third party payer.

6.  Representations and Warranties. Each party warrants and represents the following to the other party, and each such warranty and representation shall continue throughout the term of the Agreement

(a) The party is a corporation or other recognized legal business or entity duly organized, validly existing, and in good standing under the laws of the state in which it is incorporated, organized, and/or operating.

(b) The party (i) has the corporate power and legal authority to enter into this Agreement and to perform its obligations hereunder, and (ii) has taken all necessary corporate or other action on its part to authorize the execution and delivery of this Agreement and the performance of its obligations hereunder.

(c) This Agreement has been duly executed and delivered by the party, and constitutes a legal, valid, and binding obligation that is enforceable against such party in accordance with its terms.

(d) The party has all of the necessary qualifications, including, but not limited to, certificates, permits, registrations, and/or licenses, pursuant to federal, state and local laws and regulations to perform its obligations under this Agreement, and all required consents, approvals and authorizations of all governmental authorities and other persons that must be obtained by such party in connection with this Agreement have been obtained.

(e) The execution and delivery of this Agreement and the performance of such party's obligations hereunder do not (i) conflict with or violate any requirement of applicable laws or regulations, or (ii) conflict with, or constitute a default under, any contractual obligation of that party, including contractual obligations with any other pharmacy.

(f) The parties hereby represent, warrant and covenant to each other that as of the date of this Agreement, and for the entire term and any renewal thereof, with respect to any federal health care program as defined in section 1128B of the Social Security Act (42 U.S.C. 1320a-7b(f)) or any State health care program as defined in section 1128B of the Social Security Act (42 U.S.C. 1320a-7b(h)) (collectively, the "Programs") neither (i) the representing party, (ii) any individual with a direct or indirect ownership or control interest of five percent (5%) or more of the representing party, nor (iii) any director, officer, agent or employee of the representing party, has ever been debarred, suspended or excluded from any Program. Each party covenants to immediately notify the other in writing if any representation is no longer true.

9.  Compliance with Law.

(a) Each party shall comply with all applicable federal, state and local laws, rules and regulations (collectively, "Laws") now in effect or enacted during the term of this Agreement, including, but not limited to, Laws regarding the dispensing of prescription drug Products, pharmaceutical billing or sales practices, and governmental reporting and disclosure requirements.

(b) Confidentiality of Patient Records. Each party shall keep and maintain patient information and records in accordance with applicable law, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996, as amended, and its implementing regulations ("HIPAA"), and shall not release such information except as permitted or required by applicable law.

(c) Without limiting any other obligations under this Section, during the term of this Agreement and for 4 years after its termination, upon written request from the Secretary of the United States Department of Health and Human Services, the Comptroller General of the United States General Accounting Office, or any of their duly authorized representatives, each party shall make available a copy of this Agreement and such books, documents and records as are necessary to certify the nature and extent of the costs of the Services provided under this Agreement.

(d) Pursuant to Section 1395X(v)(1)(I) of Title 42 of the United State Code and applicable rules and regulations thereunder, until the expiration of four (4) years after the termination of this Agreement, Pharmacy shall make available, upon appropriate written request by the Secretary of the United States Department of Health and Human Services, the Comptroller General of the United States General Accounting Office, or the applicable state agencies or departments; or any of their duly authorized representatives a copy of this Agreement and such books, documents and records as are necessary to certify the nature and extent of the costs of the services provided by Pharmacy under this Agreement. Pharmacy further agrees that in the event it carries out any of its duties under this Agreement through a subcontract with a value or cost of Ten Thousand Dollars ($10,000) or more over a twelve (12) month period, such subcontract shall contain a clause identical to that contained in the first sentence of this Section.

(e) The parties enter into this Agreement with the intent of conducting their relationship in full compliance with applicable state, local and federal law, including, without limitation, the federal Anti-Kickback Statute. Notwithstanding any unanticipated effect of any provisions herein, neither party will intentionally conduct itself under the terms of this Agreement in a manner to constitute a violation of said statutes. The parties agree to cooperate fully with their respective compliance efforts.

(f) Civil Rights. Provider and Nursing Facility shall comply with Title VI of the Civil Rights Act of 1964 and all requirements imposed by or pursuant to regulations of the U.S. Department of Health and Human Services (45 C.F.R. Part 80) issued pursuant to that Title, to the end that, no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity for which Federal funds are used in support of the services performed pursuant to this Agreement.

10. Insurance. Each party shall maintain at all times during the term of this Agreement, at its sole cost and expense, appropriate workers' compensation insurance coverage (or other applicable self-insured coverage) for its employed personnel and shall carry general and professional liability insurance.

11. Indemnity. Each party shall indemnify and hold harmless the other party and its respective officers, directors, shareholders, and agents from and against any and all claims, damages, demands, actions, liabilities, penalties, costs and expenses; including, but not limited to, attorneys' fees, expenses and costs (collectively "Loss") arising out of the actual or alleged acts or omissions of such indemnifying party, its employees and agents, in connection with this Agreement or any breach of any representation, warranty or covenant under this Agreement by the indemnifying party.

## PHARMACY SERVICES AGREEMENT

**12. No Indirect Damages.** Pharmacy shall have no liability for special, indirect, incidental, consequential or punitive damages of the other party, even if it has been advised of the possibility of such damages. Pharmacy disclaims any and all implied warranties.

**13. Change in Law.** If there is a change in an existing (or adoption of a new) law, rule, regulation or administrative policy ("Change in Law") during the term of this Agreement that alters a party's rights or responsibilities hereunder in any material way, then upon request of the affected party, the parties will negotiate in good faith the terms of this Agreement, as applicable, so that (or the remainder of the term of this Agreement) the parties would be in the same position performing this Agreement that they would have been but for the Change in Law. If the parties are unable to agree upon such an amendment despite good faith negotiations over a period of thirty (30) days, either party may thereafter seek to resolve the dispute pursuant to Section 16 hereof.

**14. Proprietary Information.**

(a) In carrying out this Agreement, each party (the "Protected Party") may disclose to the other party (the "Restricted Party") certain proprietary, confidential or other non-public information (collectively, "Confidential Information") relating to its business.

(b) Without limiting the definition of Confidential Information in the foregoing paragraph, Pharmacy's business processes, pricing, customer materials (such as training manuals and policy and procedures manuals), and the terms of this Agreement shall be considered Confidential Information of Pharmacy.

(c) The Restricted Party agrees that it (i) shall hold the Protected Party's Confidential Information in confidence and protect it with the same degree of care that it uses to protect its own most confidential information, but in no event shall it use less than reasonable care, and (ii) shall not use such information for its own business other than as necessary to carry out this Agreement. Notwithstanding the foregoing, the Restricted Party shall have no obligation hereunder in respect of the Protected Party's Confidential Information if (i) it becomes generally available to the public through no act, omission or fault of the Restricted Party, or (ii) at the time of disclosure was already in the possession of the Restricted Party and not subject to any existing restriction on disclosure of use. Either party may disclose Confidential Information of the other as required by law, legal process or regulatory authority.

(d) The Protected Party's Confidential Information shall remain the sole property of the Protected Party. The Restricted Party shall return all such Confidential Information upon the termination of this Agreement.

(e) The Restricted Party recognizes and agrees that there is no adequate remedy at law for a breach of this section, that such a breach would irreparably harm the Protected Party and that the Protected Party shall be entitled, without posting bond, to equitable relief (including, but not limited to, injunctions) with respect to any such breach or potential breach, in addition to any other remedies.

(f) Customer will not reproduce or permit the reproduction of this Agreement or the Pharmacy's documents, policies or procedures manuals and forms, nor circulate such to any individual or entity, without the prior written permission of Pharmacy.

**15. Change in Facility Management.** (a) This Agreement shall be binding upon and inure to the benefit of both parties and their successors and assigns. Nothing in this Agreement is intended nor will be deemed to confer any benefits on any third party. Any sale, lease, assignment, delegation or transfer of all or any portion of Customer's or Pharmacy's management, operations, facilities, assets, stock (or any equity) or business to any person, corporation or entity, including any company in the business of managing long-term care facilities (each such transaction collectively, a "Transfer" and the other party to the Transfer being the "Transferee"), will not constitute grounds for termination or modification of this Agreement by Customer or Pharmacy. In addition, Customer (and each successor and assign of Customer) will cause, and make as a requirement of any Transfer, each Transferee to assume in writing all obligations of Customer under this Agreement and utilize Pharmacy and its successors and assignees as the preferred and exclusive provider of all pharmaceuticals to the Customer and its residents ("Preferred Provider").

(b) If Customer fails to comply with Section 15(a), Pharmacy will be entitled to recover immediately from Customer as liquidated damages, and not as a penalty, an amount equal to $40 per each licensed bed at the Customer multiplied by the remaining number of months in the initial term (or fraction thereof). Both parties acknowledge and agree that the damages which Pharmacy would suffer upon Customer's failure to comply with Section 15(a) would be difficult to calculate, and that the liquidated damages set forth herein represent the parties' reasonable estimate of the actual damages that would be incurred by Pharmacy in the event of any such termination. The liquidated damages payable under this subparagraph shall be in addition to amounts payable under this Agreement for goods sold, services rendered and other claims and charges attributable to the period prior to the effective date for failure to comply with Section 15(a).

**16. Arbitration.** All disputes, controversies or claims (whether in contract, tort or otherwise) that may arise between Customer and Pharmacy, including, but not limited to, a change in law under Section 13, ("Arbitrable Matters"), shall be resolved in accordance with the procedures specified in this Section 16, which shall be the sole and exclusive procedures for resolution. Notwithstanding the foregoing sentence, Pharmacy's actions pursuant to Section 4 (a)(ii) shall not be subject to Section 16.

(a) Any Arbitrable Matters that the parties cannot resolve on their own within forty-five (45) days of delivery by one party to the other party of written notice of such dispute, controversy or claim shall be finally resolved by binding arbitration in accordance with the American Health Lawyers Association ("AHLA", and the rules of the AHLA being the "AHLA Rules") then prevailing and incorporated herein by reference (except that the arbitration will not be conducted under the auspices of the AHLA and the fee schedule

of the AHLA will not apply). To the extent that the provisions of this Agreement and the AHLA Rules conflict, the provisions of this Agreement shall supersede. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., ("FAA") and judgment upon the arbitration award may be entered by any court having jurisdiction therefore. Each party agrees to the arbitration procedures set forth herein, and irrevocably waives the right to commence any action in or before a U.S. federal, state or local court, government, department, commission, board, bureau, agency, official or other regulatory, administrative or governmental authority ("Governmental Authority"), except to the extent provided under the FAA with regard to judicial review or arbitration results or awards.

(b) Either party may make a written demand to the other party that any Arbitrable Matters be resolved by binding arbitration ("Arbitration Demand Notice"). The Arbitration Demand Notice must be asserted within one (1) year after the later of the occurrence of the act or event giving rise to the Arbitrable Matter, or the date on which such act or event was, or should have been, in the exercise of reasonable due diligence, discovered by the party asserting the claim (as applicable and as if any in a particular case be specifically extended by the parties in writing, the "Applicable Deadline"). Any discussions, negotiations or mediations between the parties pursuant to this Agreement or otherwise will not toll the Applicable Deadline unless expressly agreed to in writing by the parties. The parties agree that if an Arbitration Demand Notice is not given prior to the expiration of the Applicable Deadline, relief for such Arbitrable Matter or in the case of a billing dispute, within 90 days after the date of the provision of the Product or Service to which such the dispute relates the "Applicable Deadline") Any discussions, negotiations or mediations between the parties pursuant to this Agreement or otherwise will not toll the Applicable Deadline unless expressly agreed to in writing by the parties. The parties agree that if an Arbitration Demand Notice is not given prior to the expiration of the Applicable Deadline, relief for such Arbitrable Matter shall be barred.

(c) Within thirty (30) days of delivery of the Arbitration Demand Notice, the parties shall select an arbitrator. If the parties are unable to agree upon an arbitrator, each party shall select an arbitrator and the two chosen arbitrators, within thirty (30) days after the selection of the later of them, shall, in turn, select a third arbitrator. The three arbitrators will comprise the Arbitration Panel. The Arbitration Panel shall have full power and authority to determine issues of arbitrability and to interpret or construe the applicable provisions of this Agreement and to fashion appropriate remedies for breaches thereof (including interim or permanent injunctive relief); provided that the Arbitration Panel shall not have any right or authority (i) in excess of the authority a court having jurisdiction over the parties and the controversy or dispute would have absent these arbitration provisions or (ii) to terminate, or modify the terms of, this Agreement.

(d) The sole arbitrator or the Arbitration Panel (either of which hereinafter referred to, unless otherwise noted, as the "Arbitration Panel) will meet within thirty (30) days of selection (in the case of an Arbitration Panel, within thirty (30) days of the selection of the last arbitrator) to commence the arbitration, which period may be extended at the sole discretion of the Arbitration Panel. The Arbitration Panel shall set the date and time for the hearing of the matter, which shall commence no later than ninety (90) days after the date of the last selected arbitrator, and shall set forth the procedure for the arbitration , including, but not limited to, provisions for the submission of memoranda and evidence, the time and limitations of each party's case, and whether live examination and cross-examination of witnesses may be permitted , consistent with the AHLA Rules The place of the arbitration shall be in Louisville, Kentucky. The final decision of the Arbitration Panel will be rendered in writing to the parties not later than sixty (60) days after the last hearing date, unless otherwise agreed by the parties in writing.

(e) The parties shall be entitled to limited discovery of specific and expressly relevant documents. Depositions shall not occur except by consent of the parties or by order of the Arbitration Panel. All discovery requests will be subject to the proprietary rights and privilege of the parties, and the Arbitration Panel will adopt procedures to protect such rights and to maintain the confidential treatment of the arbitration proceedings, except as may be required by any applicable federal, state or local law, statute, common law, ordinance, directive, rule, regulation, judgment, order, injunction, decree, arbitration award, agency requirement, authorization, approval, consent, license, permit, or requirement of, or agreement with any Governmental Authority ("Applicable Law")). Discovery disputes shall be resolved by written agreement of the parties or, failing such agreement, will be referred to the Arbitration Panel for resolution. Subject to the foregoing, the Arbitration Panel shall have the power to issue subpoenas to compel the production of documents relevant to the Arbitrable Matter.

(f) If a party fails or refuses to appear and participate in arbitration after due notice, the Arbitration Panel may hear and determine the controversy upon evidence produced by the appearing party.

(g) Arbitration costs will be borne equally by the parties, except that each party will be responsible for its own attorney's fees and other costs and expenses, including the costs of witnesses selected by such party.

(h) Prior to the time at which the Arbitration Panel is appointed, any party may seek one or more temporary restraining orders in a court of competent jurisdiction if necessary in order to preserve and protect the status quo. Neither the request for, or grant or denial of, any such temporary restraining order shall be deemed a waiver of the obligation to arbitrate as set forth herein and the Arbitration Panel may dissolve, continue or modify any such order.

## PHARMACY SERVICES AGREEMENT

(i) In the event that at any time any member of the Arbitration Panel shall fail to serve as an arbitrator for any reason, the appropriate party or the two party-selected arbitrators, as the case may be, shall select a new arbitrator, in accordance with the procedures set forth in Section 16(c). The extent, if any, to which testimony previously given shall be repeated or may be relied upon based on the stenographic record (if there is one), shall be determined by the replacement arbitrator.

(j) Unless otherwise agreed in writing, the parties will continue to provide service and honor all other commitments under this Agreement during the course of arbitration pursuant to this Section 16 with respect to all matters not subject to the Arbitrable Matter.

(k) The interpretation of the provisions of this Section 16, only insofar as they relate to the agreement to arbitrate and any procedures pursuant thereto, shall be governed by the FAA and other applicable federal law. In all other respects, the interpretation of this Agreement shall be governed as set forth in Section 16.

17. Definitions: As used in this Agreement, and the related schedules Capitalized terms shall have the following meaning:

"Acquisition" means PharMerica's price.

"AHLA Rules" is defined in Section 16 (e) of the Terms and Conditions.

"Applicable Deadline" is defined in Section 16(b) of the Terms and Conditions.

"Applicable Law" is defined in Section 16(g) in the Terms and Conditions.

"Arbitrable Matters" is defined in Section 16 of the Terms and Conditions.

"Arbitration Demand Notice" is defined in Section 16(b) of the Terms and Conditions.

"Arbitration Panel" is defined in Section 16(d) of the Terms and Conditions.

"AWP" is the average wholesale price of a Product (including, in the case of IV Products, the drug and the bag) as reported by First Databank.

"Change in Law" is defined in Section 13 of the Terms and Conditions.

"Complaining Party" is defined in Section 5 (a).

"Confidential Information" is defined in Section 14(a) of the Terms and Conditions.

"Equipment" is defined in Section 2 of the Terms and Conditions.

"FAA" is defined in Section 16(a) of the Terms and Conditions.

"Formulary" is defined in Section 3 (b) of the Terms and Conditions.

"FUL" means Federal Upper Limit as reported by First Databank.

"HIPAA" is defined in Section 8(b) of the Terms and Conditions.

"Infusion Therapy Services" is defined in Section 1 of Schedule A-4.

"Laws" is defined in Section 8(a) of the Terms and Conditions.

"Loss" is defined in Section 11 of the Terms and Conditions.

"MAC" means Maximum Allowable Cost for the facility's State Medicaid program as reported by First Databank.

"Non-complaining Party" is defined in Section 5(a).

"Pharmacy Manual" is defined in Section 3(c)

"Private Pay Residents" is defined in Section 4(g) of the Terms and Conditions.

"Products" is defined in Section 1(a) in the Terms and Conditions.

"Programs" is defined in Section 8(f) in the Terms and Conditions.

"Protected Party" is defined in Section 14(e) of the Terms and Conditions.

"Resident's Agent" is defined in Section 4 (g) of the Terms and Conditions.

"Resident Day" means one day of residence at the Facility for a Med A and Managed Care Resident, whether or not Pharmacy provides Services or Products in respect of that patient.

"Restricted Party" is defined in Section 14(a) of the Terms and Conditions.

"Services" is defined in Section 1 (a) of the Terms and Conditions and shall include, but not be limited , to the Standard Services set forth in Schedule A-1.

"Transferee" is defined in Section 15 of the Terms and Conditions.

"UCC" is defined in Section 2(b)

"WAC" means Wholesalers Acquisition Cost as reported by First Databank.

16. Miscellaneous.

(a) In all matters relating to this Agreement and its performance, the parties shall act in good faith, except where a higher standard is specifically set forth.

(b) Pharmacy shall be excused for any delay or failure in performing this Agreement (except for any delay or failure related to the payment of money) to the extent that the delay or failure is caused by acts of God, terrorism, fires, explosions, labor disputes, accidents, civil disturbances, material shortages or other similar causes beyond its reasonable control, even if such delay or failure is foreseeable.

(c) Neither party may assign this Agreement without the prior written consent of the other party, which consent may not be unreasonably withheld; provided that Pharmacy may assign to any subsidiary or affiliate without the prior written consent of Customer.

(d) Neither the Pharmacy nor the Customer is for any purpose, an agent, partner or employee of the other. This Agreement shall not be deemed to create a partnership or joint-venture, or employment or agency relationship between the parties. Pharmacy shall retain sole and absolute discretion and judgment in the manner and means of providing Services to Customer.

(e) Neither party has the right or authority to assume or create any obligation or responsibility on behalf of the other.

(f) A party shall send any written notice required or permitted by this Agreement by certified mail, postage prepaid, return receipt requested, or by use of a national overnight delivery service, to the other party at the notice address listed on the signature page of this Agreement, or to such other address that the other party designates upon written notice given in accordance with this provision. Written notices shall be effective upon receipt or refusal to accept delivery.

(g) No failure or delay in exercising any right hereunder will operate as a waiver of such right. Any waiver of this Agreement must be in writing and duly executed by the party to be charged therewith. A waiver by a party of a full or partial breach or failure to perform this Agreement by a party shall not constitute a waiver of any subsequent breach or failure.

(h) Customer will provide to each resident, or the residents' consent, all applicable Pharmacy notices of privacy practices, policies and procedures, and obtain and provide to Pharmacy all original consents, acknowledgements or authorizations required for Pharmacy's compliance with applicable laws, rules or regulations as reasonably requested by Pharmacy. Customer will be responsible for obtaining appropriate billing consent signatures with respect to each resident for which Pharmacy will perform billing and will furnish the Pharmacy with the original copy for Pharmacy's records. Where Customer is an intermediary in the processing of claims, Customer will promptly furnish to Pharmacy any information regarding the status of the claim and will grant to any fiscal agency involved the right to discuss the status of the claim with Pharmacy.

(i) If any provision of this Agreement is found to be unlawful or unenforceable, the remaining portions of this Agreement shall continue in full force and effect and the parties shall endeavor in good faith to replace the unlawful or unenforceable provision with one that is lawful and enforceable and which gives the fullest effect to the intent of the parties as expressed in this Agreement.

(j) If either party brings a lawsuit to enforce any of the terms or conditions of this Agreement, the prevailing party in the lawsuit shall be entitled to recover costs and attorneys' fees in addition to any other relief to which it may be entitled.

(k) All amounts due to Pharmacy pursuant to this Agreement shall be deemed to be due and payable at Pharmacy's corporate headquarters in Louisville, Kentucky. This Agreement shall be governed by the laws of the State of Texas. Each party hereby waives trial by jury.

(l) This Agreement includes the complete agreement between the parties and supersedes all previous agreements and understandings (whether verbal or in writing) related to the subject matter of this Agreement.

(m) This Agreement cannot be changed or modified except by a written amendment signed by both parties.

(n) This Agreement shall be binding on and shall inure to the benefit of the parties hereto, and each of their respective successors and assigns.

**END OF TERMS AND CONDITIONS**

PHARMACY SERVICES AGREEMENT

SCHEDULE A-1

Standard Services and Fee-For-Service Pricing

1.   Standard Services:  As the Standard Services:

(a)   Pharmacy shall provide Products to the Facility and its residents in accordance with the terms of the Agreement. Pharmacy will provide unit dose anniversary and on demand dispensing with boxed or blister pack unit dose packaging, as determined at the Pharmacy.  Pharmacy may change or modify its packaging from time to time based on reasonable notification by to Facility;

(b)   Pharmacy has advised Facility of its standard hours of operation prior to the execution of the Agreement. Pharmacy will provide the routine daily delivery of drugs, biologicals, and equipment to the Facility on the days the Pharmacy is opened for business. Pharmacy shall have a licensed pharmacist available 24 hours each day, seven days per week to supply Products to Facility's residents on a "stat" basis and respond to Facility's requests for pharmacist consultation.  The parties agree that "stat" deliveries are understood by the parties to be truly emergency deliveries which are not foreseeable, and that Facility will use its best efforts to aggregate, organize and plan its orders so as to minimize the number of stat deliveries;

(c)   Pharmacy shall label all dispensed drugs, and biologicals in accordance with local, state and federal laws, rules and regulations, and currently accepted professional standards, including appropriate cautionary instructions, as well as the expiration date, when applicable;  and

(d)   Pharmacy shall provide, maintain and replenish, in a prompt and timely manner, an emergency drug supply as necessary to comply with all applicable local, state, and federal rules and regulations.  Any emergency kits provided will be the property of the Pharmacy as required by law. With respect to items removed from such emergency drug supply, Facility shall use reasonable efforts to indicate, on a form which shall be provided by Pharmacy, the resident to whom each such medication is provided.  Pharmacy shall bill for such medication in accordance with the payor-type for the applicable resident.  With respect to any medications removed from the emergency drug supply as to which Facility does not indicate the resident to whom such medication was provided, Facility shall be obligated to pay Pharmacy for such medication.  This provision may be fulfilled by an automated drug dispensing system owned and operated by Pharmacy.

(e)   The parties will mutually agree upon a process to allow Facility to have access to all of Facility's patient records, as permitted by law and regulation, for the purpose of the Facility implementing a Facility based computerized medical records system or computerized medication administration record system or consulting pharmacy system or any other computerized clinical system.

(f)   Pharmacy will provide the services of a dispensing pharmacist to routinely screen for allergies and drug interactions, to identify potential adverse drug reactions, and to promote cost effective therapy in the long term setting.  Pharmacy will maintain drug profiles for each resident in Facility.

2.   Pricing.  For the Products and Services included in the standard Services set forth in Section 1 above, Customer will pay Pharmacy at the following rates:

(a)   Resident Specific Medication Products  : BRAND: AWP-13% + $5.38.

(b)   Resident Specific Medication Products  : GENERIC: AWP -- 22% + $5.38.

3.   In the event that pricing is based upon an index or a descriptor of pricing a published by a third-party, for example AWP, and the index or descriptor of pricing ceases to be published, are no longer reasonably commercially available to determine pharmacy pricing, or the methodology for calculating the index or price descriptor is changed, Pharmacy reserves the right to equitably adjust the pricing for Products and Services in a manner to maintain substantially the same economics of the pricing to Pharmacy and Customer as a whole.

* Pricing will not be billed below state Medicaid rate.

# PHARMACY SERVICES AGREEMENT

## SCHEDULE A-4

## Infusion Therapy Services and Pricing with Supplies

1.  Infusion Therapy Services.  As the Infusion Therapy Services ("Infusion Therapy Services"), Pharmacy will:

    (a)  Select and prepare parenteral Products, as appropriate, and provide and maintain infusion administration Products as necessary for infusion therapy;

    (b)  Supply an Infusion Therapy emergency kit to the Facility and replenish the kit as necessary;

    (c)  Provide a copy of Pharmacy's Infusion Therapy Policy and Procedure Manual to the Facility; and

    (d)  Provide Infusion Therapy infusion on a routine basis.  Pharmacy will provide Infusion Therapy Services at the same times as other Products under the Agreement; provided, however that PICC insertion is not available after the Pharmacy's regular weekday hours or on weekends.

2.  Pricing.  Customer will pay Pharmacy for Infusion Therapy Services at the rates set forth in the below tables.

    Notwithstanding anything to the contrary in this Schedule or in the tables below, Pharmacy may charge (and Customer will pay) a minimum of Acquisition for any Infusion Therapy Service or Product.

    Pricing for Infusion Therapy Services includes compounding fee, pump, tubing and delivery and those standard supplies set out in the Standard IV Supplies Table 1 below.

### TABLE 1 – Services and Pricing

| PRODUCT OR SERVICE | PRICE |
| --- | --- |
| Hydration | $25/Day |
| Antibiotics | AWP - 10% + $55/day |
| TPN (Standard formulation with lipids) | $160/day |
| Non-Standard Additives | AWP |
| Procalamine | AWP - 10% + $35/day |
| Misc. therapies (Heparin, Dobutamine, etc.) | AWP - 10% + $55/day |
| Pain Management | AWP - 10% + $45/day |
| Chemotherapy | AWP - 10% + $55/day |
| IV Education | $50/hr |
| Peripheral IV Insertion | $80 – $110 PHARMACY'S REGULAR BUSINESS HOURS $155 – AFTER HOURS AND WEEKENDS |
| Midline Insertion | $200 – PHARMACY'S REGULAR BUSINESS HOURS $275 – AFTER HOURS AND WEEKENDS |
| PICC Insertion | $300 – PHARMACY'S REGULAR BUSINESS HOURS NOT AVAILABLE AFTER HOURS AND WEEKENDS |
| Extra Supplies | Acquisition + 30% |
| NOTE: IN NO CASE WILL THE PRICE BE BELOW STATE MEDICAID RATE. | |

### TABLE 2 – Standard IV Supplies

| ITEM | STANDARD USAGE |
| --- | --- |
| IV START KIT | 1 q 3 DAYS |
| DRESSING CHANGE TRAY | 1 q 7 DAYS |
| NEEDLELESS INJECTION CAP | |
| Routine meds/fluids | 1 q 3 DAYS |
| Parenteral nutrition | 1 q 3 DAYS |
| EXTENSION TUBING | 1 q 3 DAYS |
| INFUSION TUBING | |
| Continuous | 1 q 3 DAYS |
| Intermittent | 1 q DAY |
| Parenteral Nutrition | 1 q DAY |
| Lipids only | 1 PER ADMINISTRATION |
| Secondary | 1 q 3 DAYS |
| Pain Mgmt. | 1 PER BAG OR CASSETTE CHANGE |
| PERIPHERAL IV CATHETER | 1 q 3 DAYS |
| IV PUMP | 1/DURATION OF THERAPY |
| PRE-FILLED FLUSH SYRINGES | |
| Peripheral Line (saline only) | 2 PER DOSE |
| Central Lines (saline and heparin) | 2 SALINE/1 HEPARIN PER DOSE |
| MULTI-DOSE VIALS | DOSE DEPENDANT |
| VIAL ADAPTER | 1 PER MULTI-DOSE VIAL |
| SQ SET FOR PAIN MANAGEMENT | 1 q 3 DAYS |

# PHARMACY SERVICES AGREEMENT

## SCHEDULE A-6

## MedMate™ Services and Pricing

1. <u>Program Description.</u> MedMate™ is an application associated with Pharmacy's pharmacy vending solution and is designed to assist the Customer in managing the ordering, reconciliation and destruction components of the pharmacy program. Pharmacy will implement MedMate™ v1.0 in accordance with the Agreement.

2. <u>Pharmacy Responsibilities.</u> Pharmacy will:

   a) Provide access to MedMate™. This includes MedMate™ software and MedMate™ hand-held palm devices and modem cradles selected by Pharmacy to support the rollout in Customer's nursing facility;

   b) Provide implementation, training and technical support for MedMate™, as determined by Pharmacy;

   c) Provide consultative support on connectivity and technical infrastructure required for implementation of MedMate™;

   d) Support MedMate™ in such manner as Pharmacy deems appropriate. Pharmacy may in its discretion issue releases for updated version(s) of the application. If a new version(s) is released, Pharmacy may at its discretion require Customer to upgrade to the new version in order to continue to receive technical support; and

   e) From time to time in Pharmacy's discretion, add functionality to MedMate™ that expands the breadth of the application beyond what is offered currently . Pharmacy is not required to provide this expanded functionality to Customer as part of the base MedMate™ functionality.

3. <u>Customer Responsibilities.</u> Customer shall:

   a) Participate in periodic user group meetings and product innovation advisory panels that will be held at mutually agreed upon times, not to exceed 4 per year;

   b) Participate in periodic marketing initiatives, such as customer testimonials and other related marketing campaigns during the term of the Agreement;

   c) Assist Pharmacy in capturing metrics involving the impact of MedMate™ on Facility operations, reduction in costs and quality improvement;

   d) Process all eligible prescription refills, drug destruction, drug returns (if applicable), and drug reconciliation through MedMate™; and

   e) Use MedMate™ only in connection with its use of Pharmacy's Services at the Facility during the term of the Agreement. Customer and Facility shall not reverse engineer, disassemble or decompile any software or other tangible objects which are provided by Pharmacy hereunder.

4. MedMate™ will remain Pharmacy's property and Customer shall return said property to Pharmacy upon termination of the Agreement. Customer shall not do anything to infringe on Pharmacy's ownership rights in MedMate™.

5. Customer shall place MedMate™ in a safe and secure area. Customer will be responsible for costs associated with replacement if stolen, lost or intentionally damaged. Customer is required to participate in a complete inventory on MedMate™ and its peripherals, which will be requested by Provider on an as needed basis.

6. <u>Pricing.</u>

   (a) For the Products and Services included for MedMate™, Pharmacy provides to the Facility, Customer will pay Pharmacy at the rate of **$1.00** per resident per month.

   (b) Access to the Internet via an Internet Service Pharmacy (ISP) will be billed to the Customer at the rate of **$35.00** per month. Rate is subject to change upon Pharmacy's providing thirty (30) days prior written notice to Customer.

7. Pharmacy disclaims all implied warranties, including but not limited to implied warranties of merchantability and fitness for a particular purpose. Provider specifically does not warrant that MedMate™ is error-free. The parties agree Provider shall not be responsible for any indirect, consequential and special damages including, but not limited to, loss of use, loss of data or any economic losses. Provider's damages hereunder are limited to three (3) times the average monthly revenue paid pursuant to Section 6(a) of this Schedule A-6 during the first six months of the Agreement.

# Exhibit B

Balch Springs

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this *"Agreement"*) effective as of 12:01 a.m. of the 1st day of December, 2009, is between BALCH SPRINGS NURSING HOME, L.P., a Texas limited partnership (*"Assignor"*), and BALCH SPRING SNF LLC, a Texas limited liability company (*"Assignee"*).

## B A C K G R O U N D :

A.    Assignor and PharMerica East, Inc., a Delaware corporation, as successor to PharMaster, L.P., a Texas limited partnership (*"PharMerica"*), are parties to that certain Pharmacy Service Agreement dated October 20, 2008 (the *"Pharmacy Agreement"*).

B.    Assignor and Assignee are parties to that certain Operations Transfer Agreement dated July 24, 2009, pursuant to which Assignor has agreed to transfer to Assignee certain assets used by Assignor in connection with the operations of a skilled nursing facility (the *"OTA"*).

C.    It is a condition to the Closing under the OTA that Assignee agrees to assume on the Closing Date (as defined in the OTA) all of the obligations of Assignor arising after the Closing Date under the Pharmacy Agreement.

NOW, THEREFORE, in consideration of the mutual promises of the parties hereto, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties hereto, intending to be legally bound, hereby agree as follows:

1.    Assignor hereby assigns, transfers and conveys all of its right, title and interest in, to, and under the Pharmacy Agreement to Assignee.

2.    Assignee hereby accepts the assignment by Assignor and Assignee assumes and agrees to be responsible for all obligations of Assignor arising on or after the effective time of this Agreement with respect to the Pharmacy Agreement.

3.    Assignee hereby agrees to use PharMerica and its affiliates and their respective successors and assignees as the preferred and exclusive provider of all pharmaceuticals to Assignee and its residents in accordance with the Pharmacy Agreement.

4.    Assignor and Assignee hereby acknowledge and agree that PharMerica is a third party beneficiary of Assignee's obligation under Section 3 of this Agreement.

5.    Notwithstanding anything to the contrary contained herein, this Agreement shall be null and void if Closing shall fail to occur under the OTA on or before the effective time of this Agreement.

116277/00111/21351967v1

Balch Springs

IN WITNESS WHEREOF, the parties hereto have executed this Assignment and Assumption Agreement as of the ____ day of November, 2009.

ASSIGNOR:

BALCH SPRINGS NURSING HOME, L.P.,
a Texas limited partnership

By: Balch Springs Nursing Home GP, LLC
    a Texas limited liability company

By: _____
    Peter J. Licari, President

ASSIGNEE:

BALCH SPRINGS SNF LLC,
a Texas limited liability company

By: Texas Operations Management LLC,
    a Texas limited liability company

By: _____
    Eliezer Scheiner,
    Authorized Member

The undersigned hereby consents to the assignment by Assignor of all of Assignor's right, title and interests in, to, and under the Pharmacy Agreement to Assignee. The undersigned hereby acknowledges that Assignor has fully complied with its obligations under Section 15(a) of the Pharmacy Agreement.

PHARMERICA EAST, INC.,
a Delaware corporation

By: _____
    Tim Jolly,   Thomas A. Caneris
    Vice President of Acquisitions

Dated: November ____, 2009

#10277.00111/21851967v.1

# Exhibit C

MEMORANDUM OF UNDERSTANDING
OUTLINE
October 7, 2012

Plaintiffs, Defendant and Third Party Defendants, subject to compliance with all applicable laws, and without admitting liability desire to settle the matters raised in the Lawsuit pending in the United States District Court for the Eastern District of Texas, Marshall Division, Civil Action No. 2:10-cv-363(JRG) (the Action) including without limitation attorney fees and costs as follows:

1.  The parties will negotiate in good faith and execute a final settlement agreement (the "Final Settlement Agreement") which is consistent with the terms and conditions set forth herein.

2.  The existing Pharmacy Services Agreements ("Existing PSAs") shall be terminated effective no later than December 31, 2012 and 34 of the Plaintiffs (which represents all of the Plaintiffs nursing homes or facilities currently receiving goods and services from PharMerica plus Mesquite NH SNF LLC) shall enter into new Pharmacy Services Agreements ("PSAs") with PharMerica which PSAs shall expire no later than the date that the Existing PSAs were to expire. The form of the Existing PSAs shall be utilized in connection with creating the PSAs and the existing pricing schedules shall be used except to the extent that modification of either the forms or pricing has been agreed to herein or in the Final Settlement Agreement. In no event shall any term or pricing schedule of the PSAs be less favorable than the corresponding term or pricing schedule of the Existing PSAs.

3.  Quarterly Billing Credit

    PharMerica shall pay Plaintiffs in the aggregate the sum of $3,050,000 in the form of a discount or a credit during the term of the PSAs, the details of which will be negotiated as part of the Final Settlement Agreement, but shall be applied no less frequently than quarterly and shall commence January 1, 2012. The discount or credit shall also be legal, transparent, and verifiable by the Plaintiffs. Finally the discount or credit shall be transferable from one Plaintiff to another or all the others in the event that some of the Plaintiffs cease to utilize PharMerica during the term; provided, however, that in the event that greater than 15% of the Plaintiffs beds plus 1 nursing home cease to the utilize PharMerica's services during the term because they are sold to an unrelated third party (i.e., no common ownership), the credit or discount from the facilities sold in excess of 15% plus one facility shall not be transferred to the remaining Plaintiffs. In addition, the credit or discount shall not be transferred for any Plaintiff that ceases doing business and an entity with common ownership or management should continue to operate at the same location as the

1

Plaintiff operated as of the date of this Memorandum of Understanding. In the event that for any reason the discount or credit realized by the Plaintiffs in the aggregate is less than $600,000 in a year, except in the event that it is reduced by an overage from the prior year, the difference between the sum of $600,000 and the discount or credit shall be paid by PharMerica in cash to the Plaintiffs. The same process shall be applied if the Aggregate discount or credit is less than $3,050,000 by the end of the PSAs term. In the event that the Parties cannot agree to a methodology for the credits or discount on or before October 31, 2012, the Parties shall expeditiously arbitrate the issue and shall present to the arbitrator each of the Party's proposals to resolve the remaining issues. If the arbitrator finds that both proposals are in compliance with this Article 3, the arbitrator shall select the PharMerica proposal and the Parties shall split the costs of the arbitration, but bear their own legal costs and expenses. If the arbitrator finds that one of the 2 proposals are not in compliance with this Article 3, the Arbitrator shall be required to pick the proposal that is in compliance with this Article 3, and if (i) the PharMerica proposal is not selected, PharMerica shall pay the costs of the arbitration, but the Parties shall bear their own legal costs and expenses and (ii) if the PharMerica proposal is selected, Parties shall split the costs of the arbitration, but bear their own legal costs and expenses.

4.    Reinstatement of Facility

PharMerica will release the Plaintiff which was once located in Bowie Texas, as well as the current operator of a Bowie Facility, and Mesquite NH SNF LLC from any and all claims relating to their having ceased using PharMerica. Mesquite NH SNF LLC will resume utilizing PharMerica no later than the earliest it is able to terminate its current pharmacy services agreement with its third party supplier without breaching the contract. The parties agree that such termination notice will be issued on the date that the Final Settlement Agreement is executed to be effective within 60 days following the date of the termination notice. Upon the effective date of such termination, the Mesquite NH SNF LLC PSA, as PSA is defined above, with PharMerica shall become effective. The Plaintiffs shall submit to the mediator the current third party Mesquite NH SNF LLC pharmacy services agreement.

5.    Liquidated Damages

The liquidated damages provision contained within the PSAs will continue to apply with full force and effect, except that if all of the facilities are transferred, then 10% of the total beds involved plus one home in its entirety will not be subject to liquidated or any other damages or penalties. In addition, in the event of assignment and assumption, the Plaintiff(s)

2

assigning shall be released from all liability from the effective date of the assignment forward.

6.    Third Party Defendants' Note

The Third Party Defendants will immediately withdraw all foreclosure notices and actions (the "Foreclosure Action") and all notices of default and relinquish any claims for default interest penalties or fees and all other claims relating to the Note except for payment of interest on the Note to the date of the Final Settlement Agreement and interest only on the remaining principal balance of the Note and the payment of the remaining principal balance of the Note at maturity. Third Party Defendants shall also withdraw and relinquish any claims which were asserted in the Foreclosure Action. Finally, Third Party Defendants shall also pay Plaintiffs individually and in the aggregate the sum of $4,000,000 or provide some other discount or credit which has the same impact and is more favorable to the Parties. In lieu of paying the same in cash, Third Party Defendants may assign $4,000,000 of the principal balance of the Note to an entity designated by the Plaintiffs and also assign such entity corresponding collateral. Upon final payment of the remaining portion of the Note retained by the Third Party Defendants and all unpaid interest thereon, the Third Party Defendants shall assign the remaining collateral securing payment thereof to such entity.

7.    Billing Issues

The Parties agree that PharMerica, without additional notice as may be set forth in the PSAs, is required to bill accurately based upon daily census information provided to it by the Plaintiffs as shall be required by the PSAs. Prior to December 31, 2012, the Defendants and Plaintiffs will mutually agree upon a census reporting methodology to help PharMerica to be successful in picking up and billing from daily payor source information provided by Plaintiffs and the methodology to allow verification of the bills by the Plaintiffs. Starting on the 6th month following the date of the execution of the Final Settlement Agreement, and no less than every 12 months thereafter, Plaintiffs shall have the right to audit PharMerica's billings for the prior 12 months. The Parties shall mutually agree to the selection of an independent LTC pharmacy billing expert (the "Expert") that shall conduct a full review of charges to determine whether PharMerica billed the Facilities as required by the PSA. The parties shall reasonably cooperate with the audit firm. The results of the Expert for any findings shall be binding on both parties. Notwithstanding the foregoing, if the expert was not able to look at any financial issue, such issue shall be left unresolved until a methodology for verification can be established and utilized. PharMerica shall pay for the

complete cost of the Expert's work for the first six month period audit and for any audit thereafter where the billing rate of error exceeds 2% to the detriment of the Facilities in the aggregate. Additionally, in the event that the error rate exceeds 5% for any audit the audits shall increase in frequency to every 6 months until the error rate no longer exceeds 2%, at which time the frequency shall revert to annually. In addition, if following any audit there is a billing error rate of 10% or more, the audit shall increase in frequency to every month until the error rate no longer exceeds 2%, at which time the frequency will revert to annually.

Any adjustments required by the audit shall be made within 5 business days. The Parties shall also discuss and implement a plan to minimize delivery fees, encourage the use of multi-source generics and otherwise reduce cost without compromising service to, and the health of, the residents. One of the Third Party Defendants (Bill Jacobson, formerly head of operations of both the Plaintiffs' Texas Nursing Homes and Defendants' acquired PharMaster Facility) will, upon the Parties' request work with their designees to resolve these billing issues. The cost of Bill Jacobson's efforts shall be paid by the Third Party Defendants.

8.    IV Charges

For those IV Services on Schedule A-4, Table 1 of Existing PSAs where the price is $55 a day, PharMerica will lower the price to $50 a day; provided, however, that when the discount equals $10,000 per year, the price shall revert to $55 a day.

9.    Facility Closings

Except as otherwise set forth herein, in the event that any facility closes or any Plaintiff ceases to own or operate a nursing home the Defendants shall not be entitled to liquidated damages or any other damages or penalties and the remaining credit or discount which would have gone to that particular Plaintiff shall be transferred to the remaining Plaintiffs. Notwithstanding the foregoing, should any Plaintiff cease doing business and an entity with common ownership or management should continue to operate at the same location as the Plaintiff operated at the time this settlement was reached and such new entity does not assume the relevant PSA for the remainder of its term, then the liquidated damage provision shall apply.

10.    Contract Bidding

At the end of the PSA's term, if the Plaintiffs' bid out their pharmacy business, they will offer the Defendants the opportunity to participate in the process but shall not be obligated to select the Defendants.

11.    Compliance with All Laws

Each party hereto represents that to the best of its knowledge the PSAs are in compliance with all applicable laws and regulations and PharMerica further represents that the pricing contained within the PSAs (taking into account the discount and/or credits) are also is in compliance with all applicable laws and regulations.

12.    Cessation of All Actions

In anticipation of the time it will take to develop the Final Settlement Agreement (which will include mutual releases), the Parties below will agree that acceptance of this Memorandum of Understanding will result in a joint notification to the court and all other involved agencies to stop all pending actions in connection with the Action between and among all the Parties (Plaintiffs, Defendants' and Third Party Defendants), including, but not limited to the action regarding the termination of the PSA of the two Texas nursing homes, and the Foreclosure Proceeding on five of the Plaintiffs' nursing facilities.

13.    Mediation and Dismissal Of Action.

This Memorandum of Understanding shall be submitted to the Mediator who shall upon request of the Parties make himself available to assist the Parties in drafting of the Final Settlement Agreement. Following execution of the Final Settlement Agreement by all the Parties, the Action shall be dismissed with prejudice.

[Page Intentionally Left Blank - Signatures On Next Page]

Agreed to by,

Plaintiffs    TEXAS OPERATING MANAGMENT
              ZEVI KUHN, CFO

_____    _____    10-12-12
                                                  Date

_____    _____
Defendants                                        Date

_____    _____
Third Party Defendants                            Date

_____    _____
P&MB Limited Partnership                           Date

6

Agreed to by,

_____          _____
Plaintiffs                                 Date

_____          _10/12/12_
Defendants                                 Date

_____          _____
Third Party Defendants                     Date

_____          _____
P&MB Limited Partnership                   Date

6

Agreed to by,

_____                    _____
Plaintiffs                                      Date

_____                    _____
Defendants                                      Date

_Michael D. D'Arcangelo_                        10/12/12
Third Party Defendants                          Date

6

## RIDER TO OCTOBER 7, 2012 MEMORANDUM OF UNDERSTANDING OUTLINE

Plaintiffs, Defendant and Third Party Defendants, each a "Party" and collectively the "Parties" agree to this Rider (this "Rider") and that it shall be fully incorporated and become an enforceable addendum to the October 7, 2012 Memorandum of Understanding Outline (the "MOU"). Specifically, the Parties agree as follows:

1. Each Party represents and warrants that the terms of the MOU are binding and enforceable against all Parties thereto with or without the execution of a "Final Settlement Agreement".

2. Each Party waives any defense to the enforceability of the MOU.

3. P&MB Limited Partnership ("P&MB"), as successor to New Bell Facilities Services LP, is hereby added as a "Party" to the MOU and agrees to be bound by the terms of this Rider.

4. P&MB represents and warrants that it is the owner and holder, free and clear, of that certain Promissory Note referred to in the MOU which on November 30, 2009 had an outstanding principal balance of $6,000,000 and currently has an outstanding principal balance of $4,740,000.

5. In full satisfaction of the obligations of the Third Party Defendants set forth under Section 6 of the MOU, within three business days of the execution of this MOU, Plaintiffs shall pay to P&MB, the principal sum of $640,000, together with outstanding interest in the amount of $7,900, plus $88.89, per day from October 12, 2012, and P&MB shall assign, transfer and convey all of its right, title and interest in and to such Promissory Note and all other agreements, documents and instruments governing, securing or otherwise relating to such Promissory Note (including those that bind any collateral), to an entity or entities designated by Plaintiffs.

6. In Article 3 of the MOU, the date of "January 1, 2012" is hereby replaced with "January 1, 2013" and the amount of "$600,000" is replaced with "$610,000."

7. Mesquite NH SNF LLC shall execute a new PSA and recommence services with PharMerica at the same time and on the same terms as the remaining Plaintiffs commence such services pursuant to the new PSAs, as more fully described in the MOU.

8. [Intentionally omitted.]

9. Upon agreement and execution by the Parties to the terms of the MOU and this Rider, the Court shall be immediately notified by Plaintiffs that the lawsuit has been settled on the terms and conditions of the MOU.

10. At such time that as the MOU is executed, the Parties shall be deemed to have released each other (and each of them) from any and all claims of any type whatsoever (known, unknown, suspected and unsuspected) including, without limitation, claims for counsel fees and costs arising out of and/or related to the Action and the Foreclosure Action, except for claims arising out of obligations created by the MOU and this Rider and any claims for payments currently due to PharMerica under the Existing PSAs or owed to Plaintiffs as a result of overpayment which has not yet been credited back to the Plaintiffs in accordance with the terms of the Existing PSAs, including without limitation the provisions of Article 4 therein, and, further, as between Plaintiffs and Third Party Defendants, except for claims for indemnification pursuant to the terms of the Operation Transfer Agreements or any adjustments between the two which are necessitated by one party having received money belonging to the other from any payer source.

[Page Intentionally Left Blank - Signatures On Next Page]

PHI 3294982v2 10/12/12

Agreed to by,

_____ TEAM OPERATIONS MANAGEMENT, LLC
                                 ZEVI KAHN, CFO
Plaintiffs                                                    10-12-2012
                                                              _____
                                                              Date

_____
Defendants                                                    _____
                                                              Date

_____
Third Party Defendants                                        _____
                                                              Date

_____
P&MB Limited Partnership                                      _____
                                                              Date

PHI 3294982v2 10/12/12

Agreed to by,

_____          _____
Plaintiffs                                                            Date

_____          _____
Defendants                                                          Date    10/11/12

_____          _____
Third Party Defendants                                     Date

_____          _____
P&MB Limited Partnership                              Date

PHI 3292615v2 10/11/12

Agreed to by,

_____          _____
Plaintiffs                                                    Date

_____          _____
Defendants                                                  Date

_Michael D. D'Arcangelo_                        _10/12/12_
Third Party Defendants                                 Date

_Michael D. D'Arcangelo_                        _10/12/12_
P&MB Limited Partnership                           Date

PHL 3294982v2 10/12/12

## MEMORANDUM OF UNDERSTANDING
## OUTLINE AMENDMENT

Defendant and Third Party Defendants, each a "Party" and collectively the "Parties" agree to this Amendment (this "Amendment") and that it shall be fully incorporated and become an enforceable addendum to the October 7, 2012 Memorandum of Understanding Outline (the "MOU"). Specifically, the Parties agree as follows:

A.     Contribution to Settlement

The Third Party Defendants' have agreed to pay to the Defendants $250K over the same quarterly payment terms agreed to between the Plaintiff's and Defendants' as outlined in the Memorandum of Understanding; provided, however, that in the event the Defendants do not fully provide the discount to the Plaintiffs as a result of a mutually agreed to modification to the Memorandum of Understanding or Final Settlement Agreement, then the payment by the Third Party Defendants shall be reduced proportionally. For purposes of clarity, the payment due to the Defendants by the Third Party Defendants shall not be reduced if the reduction in the discount given to the Plaintiffs by the Defendants is a result of the Plaintiffs sale, diverstiture or closing of any the of Plaintiffs' entities or facilities.

B.     Each Party represents and warrants that the terms of the MOU are binding and enforceable against all Parties thereto with or without the execution of a "Final Settlement Agreement".

C.     Each Party waives any defense to the enforceability of the MOU.

[Page Intentionally Left Blank - Signatures On Next Page]

Agreed to by,

_____     _____
Defendants                                                    Date

_____     _____
Third Party Defendants                                      Date

Agreed to by,


_____                    _____
Defendants                                          Date


_____                    _10_/_12_/_12_
Third Party Defendants                              Date

| AOC-105         Doc. Code: CI | | 15CI00775 |
| Rev. 1-07 | | Case No. _____ |
| Page 1 of 1 | CIVIL SUMMONS | Court ☑ Circuit ☐ District |
| Commonwealth of Kentucky | | JEFFERSON CIRCUIT COURT |
| Court of Justice   www.courts.ky.gov | | County  Jefferson     DIVISION EIGHT (8) |
| CR 4.02; CR Official Form 1 | | |

                                                                    PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville              Kentucky              40299

VS.
                                                                    DEFENDANT

ADVANCED HCS LLC

2071 Flatbush Ave, Suite 22

Brooklyn                New York              11234

Service of Process Agent for Defendant:
Interstate Agent Services LLC

12830 Hillcrest Road

Suite 111

Dallas                                Texas              75230

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on
your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.

Date: ___FEB 13 2015___, 2___           DAVID L. NICHOLSON, CLERK           Clerk

                                        By: _____, D.C.

| Proof of Service |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____.                 Served by: _____ |
|                                                                                      _____Title |

| AOC-106    Doc. Code: CI | | Case No. 15 CI 00775 | |
| Rev. 1-07 | | | |
| Page 1 of 1 | CIVIL SUMMONS | Court ☑ Circuit ☐ District | |
| Commonwealth of Kentucky | | | |
| Court of Justice    www.courts.ky.gov | | County    Jefferson | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville              Kentucky              40299

vs.

DEFENDANT

TEXAS OPERATIONS MANAGEMENT LLC
2071 Flatbush Ave, Suite 22

Brooklyn                New York              11234

Service of Process Agent for Defendant:

Interstate Agent Services LLC

12830 Hillcrest Road

Suite 111

Dallas                                    Texas              76230

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

        You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on
your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.

Date:  FEB 13 2015        , 2_____        DAVID L. NICHOLSON, CLERK

                                                    _____ Clerk

                                          By:    _____ D.C.

| Proof of Service | |
| --- | --- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: | |
| this _____ day of _____, 2_____. | |
| | Served by: _____ |
| | _____ Title |

**15CI00775**

| AOC-105      Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. _____<br>Court ☑ Circuit ☐ District<br>County  Jefferson |
|---|---|---|

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

PINECREST SNF LLC

368 New Hempstead Road #309

New City            New York           10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                              Texas          75230    0000

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: FEB 13 2015 , 2_____

                              _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____

               Served by: _____

                                      _____ Title

**15CI00775**

| AOC-105 | Doc. Code: CI | | | Case No. |  |
|---|---|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice  www.courts.ky.gov CR 4.02; CR Official Form 1 | | CIVIL SUMMONS | | Court | ☑ Circuit ☐ District |
| | | | | County | Jefferson |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

BALCH SPRINGS SNF LLC

368 New Hempstead Road #309

New City          New York          10956

**Service of Process Agent for Defendant:**
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | Texas | 76230  0000 |
|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____FEB 13 2015_____          DAVID L. NICHOLSON, CLERK Clerk

By: _____ D.C.

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105    Doc. Code: CI | | Case No. **15CI00775** |
| --- | --- | --- |
| Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Court   ☑ Circuit   ☐ District<br><br>County   Jefferson |

**PLAINTIFF**

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville        Kentucky        40299

VS.

**DEFENDANT**

BAY OAKS SNF LLC

368 New Hempstead Road #309

New City        New York        10956

---

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230 | 0000 |
| --- | --- | --- | --- | --- |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

       You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

       The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date:   FEB 13 2015   2_____      _____ Clerk

                        By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____. 

                     Served by: _____

                                                Title

| AOC-105            Doc. Code: CI | CIVIL SUMMONS | Case No. 15 CI 00775 |
|---|---|---|
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County    Jefferson |
| Court of Justice    www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville            Kentucky            40299

VS.

DEFENDANT

BENBROOK SNF LLC

388 New Hempstead Road #309

New City            New York            10956

Service of Process Agent for Defendant:

| Interstate Agent Services LLC | | | |
|---|---|---|---|
| 11700 Preston Road | | | |
| Suite 660-238 | | | |
| Dallas | Texas | 75230 | 0000 |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 13 2015 ,2____

DAVID L. NICHOLSON, CLERK

By: _____ D.C.
_____ Clerk

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2____.

Served by: _____

_____ Title

| AOC-105          Doc. Code: CI | | Ca**15 C I 0 0 7 7 5** |
|---|---|---|
| Rev. 1-07 | CIVIL SUMMONS | Court  ☑ Circuit  ☐ District |
| Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | | County    Jefferson |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville              Kentucky          40299

VS.

DEFENDANT

CLARKSVILLE SNF LLC
368 New Hempstead Road #309

New City              New York          10956

**Service of Process Agent for Defendant:**

| Interstate Agent Services LLC | | |
|---|---|---|
| 11700 Preston Road | | |
| Suite 660-238 | | |
| Dallas | Texas | 75230    0000 |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:  ‗FEB 1 3 2015‗

                            DAVID L. NICHOLSON, CLERK

                                                            Clerk
                            By:  _____  D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

                            Served by: _____

                                                            Title

| AOC-105          Doc. Code: CI | CIVIL SUMMONS | Case No. | 15CI00775 |
|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice    www.courts.ky.gov CR 4.02; CR Official Form 1 | | Court | ✓ Circuit ☐ District |
| | | County | Jefferson |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

                                        JEFFERSON CIRCUIT COURT
                                        DIVISION EIGHT (8)

Louisville                   Kentucky               40299

VS.

                                                        DEFENDANT

COLONIAL MANOR NH SNF LLC
368 New Hempstead Road #309

New City                    New York            10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                                    Texas               75230     0000

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

       You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

       The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:    FEB 1 3 2015.2 _____

                               DAVID L. NICHOLSON, CLERK

                                                              Clerk

By: _____ D.C.

---

Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                         Served by: _____

                                                            Title

| AOC-105          Doc. Code: CI | | CIVIL SUMMONS | Case No. **15 C I 00775** |
| Rev. 1-07 | | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | | County    Jefferson |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville          Kentucky          40299

*JEFFERSON CIRCUIT COURT DIVISION COURT (?)*

VS.

DEFENDANT

COURTYARD SNF LLC

368 New Hempstead Road #309

New City          New York          10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                                Texas          75230   0000

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 1 3 2015

DAVID L. NICHOLSON, CLERK          Clerk

By:                                               D.C.

Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2 _____

Served by: _____

Title

| AOC-105 | Doc. Code: CI | | Cas 15 C I 0 0 7 7 5 |
|---|---|---|---|
| Rev. 1-07 | | | Court ☑ Circuit ☐ District |
| Page 1 of 1. | | | |
| Commonwealth of Kentucky | | | County Jefferson |
| Court of Justice    www.courts.ky.gov | | CIVIL SUMMONS | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                    Kentucky              40299

VS.

DEFENDANT

GREENVILLE SNF LLC

368 New Hempstead Road #309

New City                     New York              10956

**Service of Process Agent for Defendant:**

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                                    Texas         75230    0000

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____FEB 1 3 2015_____                DAVID L. NICHOLSON, CLERK

By: _____ Clerk

_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105 | Doc. Code: CI | | Case No: 15CI00775 |
|---|---|---|---|
| Rev. 1-07 | | | |
| Page 1 of 1 | | CIVIL SUMMONS | Court: ☑ Circuit ☐ District |
| Commonwealth of Kentucky | | | |
| Court of Justice www.courts.ky.gov | | | County: Jefferson |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                 Kentucky                 40299

VS.

DEFENDANT

HENDERSON SNF LLC

368 New Hempstead Road #309

New City            ,    New York            10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | Texas | 75230    0000 |
|---|---|---|

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 13 2015, 2_____

DAVID L. NICHOLSON, CLERK

_____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-106          Doc. Code: CI | CIVIL SUMMONS | Case # **15 CI 00775** |
|---|---|---|
| Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | | Court ☑ Circuit ☐ District<br>County  Jefferson  CIRCUIT CT. |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

MONTEREY SNF LLC
368 New Hempstead Road #309

New City          New York          10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | Texas | 75230 | 0000 |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ FEB 13 2015 _____          DAVID L. NICHOLSON, CLERK

_____ Clerk

By: _____ D.C.

---

Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105            Doc. Code; CI | | Case No. | 15CI00775 |
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | County | Jefferson |
| Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville             Kentucky             40299

VS.

DEFENDANT

PALO PINTO SNF LLC

368 New Hempstead Road #309

New City             New York             10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                                        Texas             76230    0000

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: FEB 13 2015 ²                                        Clerk

By: _____ D.C.

Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105          Doc. Code: CI | | Case No. 15-CI-00778 |
|---|---|---|
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | CIVIL SUMMONS | County Jefferson |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville               Kentucky          40299

VS.

DEFENDANT

PARK VIEW SNF LLC

368 New Hempstead Road #309

New City                New York          10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230    0000 |
|---|---|---|---|

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 13 2015 2              DAVID L. NICHOLSON, CLERK   Clerk

                    By: _____ D.C.

| Proof of Service | |
|---|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: | |
| this _____ day of _____, 2_____. | |
| | Served by: _____ |
| | _____ Title |

| AOC-105 | Doc. Code: CI | | Case No. 15CI00775 |
|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | | CIVIL SUMMONS | Court ☑ Circuit ☐ District |
| | | | County  Jefferson |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                      Kentucky                      40299

VS.

DEFENDANT

RIVER OAKS SNF LLC

368 New Hempstead Road #309

New City                      New York                      10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | Texas | 75230 | 0000 |
|---|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

      You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

      The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: FEB 1 3 2015 2

                                                Clerk

By: _____  D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                  Served by: _____

                                           Title

**15CI00775**

| | | | |
|---|---|---|---|
| AOC-105      Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | (seal)<br>CIVIL SUMMONS | Case No.<br>Court ☑ Circuit ☐ District<br>County  Jefferson | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

ROSENBERG SNF LLC
368 New Hempstead Road #309

New City          New York          10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | Texas | 75230 | 0000 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 13 2015                    DAVID L. NICHOLSON, CLERK Clerk

By: _____ D.C.

```
Proof of Service
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this ____ day of _____, 2___.

                              Served by: _____
                                                    Title
```

| AOC-105           Doc. Code: CI | | Case No. | 15CI00775 |
| --- | --- | --- | --- |
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | CIVIL SUMMONS | County | Jefferson |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                    Kentucky                    40299

VS.

DEFENDANT

SANTA FE SNF LLC

368 New Hempstead Road #309

New City                    New York                    10956

**Service of Process Agent for Defendant:**
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230 | 0000 |
| --- | --- | --- | --- | --- |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____FEB 13 2015_____              _____DAVID L. NICHOLSON, CLERK_____ Clerk

                By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

              Served by: _____

                                              Title

| AOC-105          Doc. Code: CI | | CIVIL SUMMONS | Case No. 15CI00775 |
|---|---|---|---|
| Rev. 1-07 | | | Court  ☑ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | | |
| Court of Justice    www.courts.ky.gov | | | County  Jefferson |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                Kentucky                40299

VS.

DEFENDANT

SOUTHEAST SNF LLC

368 New Hempstead Road #309

New City                New York                10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230 | 0000 |
|---|---|---|---|---|

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

                                          DAVID L. NICHOLSON, CLERK

Date: FEB 13 2015          2_____                                      _____ Clerk

                                          By: _____ D.C.

Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                        Served by: _____

                                          _____ Title

| AOC-105          Doc. Code: CI | | CIVIL SUMMONS | Case **14-CI-00775** | |
| --- | --- | --- | --- | --- |
| Rev. 1-07 | | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | | County | Jefferson |
| Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

STONEBROOK MANOR SNF LLC

368 New Hempstead Road #309

New City          New York          10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | Texas | 75230   0000 |
| --- | --- | --- |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: FEB 13 2015 ²

By: _____ D.C.

_____ Clerk

| Proof of Service | |
| --- | --- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: | |
| this _____ day of _____, 2_____. | |
| | Served by: _____ |
| | _____ Title |

| AOC-105      Doc. Code: CI | | Case No. | **15CI00775** |
| Rev. 1-07 | | Court | ☑ Circuit   ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | CIVIL SUMMONS | County | Jefferson |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

RENAISSANCE SNF LLC

368 New Hempstead Road #309

New City          New York          10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas          Texas          75230    0000

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 1 3 2015 , 2_____

DAVID L. NICHOLSON, CLERK

                                                            Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

                        Served by: _____

                                                              Title

| | | | | Case No. | **15CI00775** |
|---|---|---|---|---|---|
| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | | Doc. Code: CI | **GIVIL SUMMONS** | Court | ☑ Circuit ☐ District |
| | | | | County | Jefferson |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

VERNON SNF LLC

368 New Hempstead Road #309

New City          New York          10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                                    Texas          75230     0000

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: _FEB 1 3 2015_, 2____        _____ Clerk

                     By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                    Served by: _____

                                                            Title

| AOC-105     Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. **15 CI 00775**<br>Court ☑ Circuit ☐ District<br>County   Jefferson Circuit (J) |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville        Kentucky        40299

VS.

DEFENDANT

WEDGEWOOD SNF LLC

368 New Hempstead Road #309

New City        New York        10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-236

| Dallas | Texas | 75230    0000 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

      You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

      The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:   **FEB 13 2015** , 2 _____

                                DAVID L. NICHOLSON, CLERK Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

             Served by: _____

                                          Title

| AOC-105          Doc. Code: CI | | Case No. **15 CI 000775** | |
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | County | Jefferson |
| Commonwealth of Kentucky | | | |
| Court of Justice    www.courts.ky.gov | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

WHITE SETTLEMENT SNF LLC
368 New Hempstead Road #309

New City          New York          10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                                    Texas          75230    0000

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

        You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on
your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.

Date: FEB 1 3 2015, 2_____        DAVID L. NICHOLSON, CLERK        _____Clerk

                                    By: _____        D.C.

Proof of Service
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

                              Served by: _____
                                         _____ Title

| AOC-105          Doc. Code: CI | | Case No. | 15 CI 000775 |
| Rev. 1-07 | | Court | ✔ Circuit ☐ District |
| Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | CIVIL SUMMONS | County | Jefferson |

PLAINTIFF

· PHARMERICA CORPORATION and PHARMERICA EAST, INC.

   1901 Campus Place

   Louisville         Kentucky         40299

VS.

DEFENDANT

SULPHUR SPRINGS SNF LLC

368 New Hempstead Road #309

New City         New York         10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230 | 0000 |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 1 3 2015         DAVID L. NICHOLSON, CLERK

                                                         Clerk

                       By:                                              D.C.

Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

                         Served by: _____

                                                    Title

| AOC-105          Doc. Code: CI | | CIVIL SUMMONS | Case No. 15 CI 000778 | |
| Rev. 1-07 | | | Court | ✓ Circuit ☐ District |
| Page 1 of 1 | | | | |
| Commonwealth of Kentucky | | | County | Jefferson |
| Court of Justice    www.courts.ky.gov | | | | |
| CR 4.02; CR Official Form 1 | | | | |

**PLAINTIFF**

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                    Kentucky              40299

VS.

**DEFENDANT**

PRAIRIE HOUSE SNF LLC

368 New Hempstead Road #309

New City                     New York              10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                                   Texas        75230    0000

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 13 2015

DAVID L. NICHOLSON, CLERK

By: _____ Clerk

_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2____.

Served by: _____

Title _____

| AOC-105                Doc. Code: CI | | Case No. |
|---|---|---|
| Rev. 1-07 | CIVIL SUMMONS | Court [✓] Circuit [ ] District |
| Page 1 of 1 | | County  Jefferson |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville                    Kentucky              40299

VS.                                                             DEFENDANT

EL PASO SNF LLC
368 New Hempstead Road #309

New City                    New York              10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230 | 0000 |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

                                        DAVID L. NICHOLSON, CLERK
Date: FEB 1 3 2015         , 2____

                                        _____ Clerk

                                        By: _____ D.C.

Proof of Service

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

                    Served by: _____

                                        _____ Title

| AOC-105          Doc. Code: CI | | Case No. 15 CI 00 0778 | |
| --- | --- | --- | --- |
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | County | Jefferson |
| Court of Justice    www.courts.ky.gov | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville          Kentucky          40299

VS.

DEFENDANT

CLYDE SNF LLC

368 New Hempstead Road #309

New City          New York          10956

**Service of Process Agent for Defendant:**

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230 | 0000 |
| --- | --- | --- | --- | --- |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: ____FEB 1 9 2015____, 2____

By: _____ D.C.

Clerk

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105          Doc. Code: CI | CIVIL SUMMONS | Case No. 15 CI 000775 |
|---|---|---|
| Rev. 1-07 | | Court  ☑ Circuit  ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County  Jefferson |
| Court of Justice    www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                   Kentucky                   40299

VS.

**DEFENDANT**

COLONIAL MANOR SNF LLC

368 New Hempstead Road #309

New City                   New York                   10956

Service of Process Agent for Defendant:
Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

Dallas                   Texas                   75230    0000

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 1 3 2015, 2_____

DAVID L. NICHOLSON, CLERK

By:._____  Clerk / D.C.

| Proof of Service |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this ____ day of _____, 2____. |
| Served by: _____ |
| _____ Title |

| AOC-105     Doc. Code: CI | | Case No. | | |
| Rev. 1-07 | | 15-CI-00775 Court ☐ Circuit ☐ District | | |
| Page 1 of 1 | CIVIL SUMMONS | | | |
| Commonwealth of Kentucky | | County    Jefferson | | |
| Court of Justice   www.courts.ky.gov | | | | |
| CR 4.02; CR Official Form 1 | | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville        Kentucky        40299

VS.

DEFENDANT

McALLEN SNF LLC

368 New Hempstead Road #309

New City        New York        10956

**Service of Process Agent for Defendant:**

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | | Texas | 75230 | 0000 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

       You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

       The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:    FEB 1 3 2015 2

DAVID L. NICHOLSON, CLERK

By: _____ Clerk

_____ D.C.

| Proof of Service | | |
| --- | --- | --- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: | | |
| _____ | | |
| this _____ day of _____, 2_____. | | |
| Served by: _____ | | |
| _____ Title | | |

| AOC-105 | Doc. Code: CI |
|---|---|
| Rev. 1-07 | |
| Page 1 of 1 | |
| Commonwealth of Kentucky | |
| Court of Justice    www.courts.ky.gov | |
| CR 4.02; CR Official Form 1 | |

**CIVIL SUMMONS**

Case No. 15 CI 000778

Court ☑ Circuit ☐ District

County  Jefferson

**PLAINTIFF**

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville            Kentucky            40299

VS.

**DEFENDANT**

GARDENDALE SNF LLC

368 New Hempstead Road #309

New City            New York            10956

Service of Process Agent for Defendant:

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas | Texas | 75230 | 0000 |
|---|---|---|---|

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____

FEB 1 3 2015

DAVID L. NICHOLSON, CLERK

By: _____ D.C.

_____ Clerk

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____

Served by: _____

_____ Title

| AOC-105          Doc. Code: CI |  | Case No. 15-CI-00005 |
|---|---|---|
| Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Court ☑ Circuit ☐ District<br><br>County    Jefferson |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

    Louisville            Kentucky        40299

VS.

DEFENDANT

VISTA HILLS SNF LLC

368 New Hempstead Road #309

    New City            New York        10956

**Service of Process Agent for Defendant:**

Interstate Agent Services LLC

11700 Preston Road

Suite 660-238

| Dallas |  | Texas | 75230 | 0000 |
|---|---|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 1 3 2015 2

DAVID L. NICHOLSON, CLERK

By: _____ Clerk

_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2 _____.

Served by: _____

_____ Title

| AOC-105 | Doc. Code: CI | | Case | 15 CI 000775 |
|---|---|---|---|---|
| Rev. 1-07 | | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | | | |
| Commonwealth of Kentucky | | | County | Jefferson |
| Court of Justice   www.courts.ky.gov | | | | |
| CR 4.02; CR Official Form 1 | CIVIL SUMMONS | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                     Kentucky              40299

VS.

DEFENDANT

PALO PINTO COUNTY HOSPITAL DISTRICT


Service of Process Agent for Defendant:

Harris Brooks

400 SW 25th Avenue

| Mineral Wells | Texas | 76067 |
|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

      You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

      The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

                           DAVID L. NICHOLSON, CLERK

Date: _____FEB 1 3 2015_____                                Clerk

                               By: _____   D.C.


| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____. |
|                     Served by: _____ |
| _____Title |

| AOC-105 | Doc. Code: CI | | Case No. 15 CI 000755 |
|---|---|---|---|
| Rev. 1-07 | | COMMONWEALTH OF KENTUCKY | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | | County Jefferson |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | CIVIL SUMMONS | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                     Kentucky                 40299

VS.

DEFENDANT

BAYLOR COUNTY HOSPITAL DISTRICT

**Service of Process Agent for Defendant:**

N.E. Deweber

Seymour Hospital

200 N. Stadium Dr.

Seymour                                         Texas            76380

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

                                                                DAVID L. NICHOLSON, CLERK

Date:   FEB 1 3 2015                    _____ Clerk

                                        By: _____ D.C.

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____Title |

| AOC-105           Doc. Code: CI | | CIVIL SUMMONS | Case **15 CI 000775** | |
|---|---|---|---|---|
| Rev. 1-07 | | | Court | ✔ Circuit ☐ District |
| Page 1 of 1 | | | | |
| Commonwealth of Kentucky | | | County | Jefferson |
| Court of Justice   www.courts.ky.gov | | | | |
| CR 4.02; CR Official Form 1 | | | | |

**PLAINTIFF**

PHARMERICA CORPORATION and PHARMERICA EAST, INC.

1901 Campus Place

Louisville                    Kentucky                    40299

VS.

**DEFENDANT**

CHILDRESS COUNTY HOSPITAL DISTRICT

Service of Process Agent for Defendant:

John Henderson

Childress Regional Medical Center

901 Hwy 83 North

Childress                              Texas                    79201

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 1 3 2015 , 2_____

DAVID L. NICHOLSON, CLERK                              , Clerk

By: _____ , D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2____.

Served by: _____

Title

| AOC-105 | Doc. Code: CI | | Case No. 15 CI 00778 |
|---|---|---|---|
| Rev. 1-07 | | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | CIVIL SUMMONS | County Jefferson |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville                 Kentucky          40299

VS.

DEFENDANT

JACK COUNTY HOSPITAL DISTRICT


Service of Process Agent for Defendant:
Frank L. Beaman
717 Magnolia St.

Jacksboro                              Texas          76458

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 1 3 2015 , 2____        DAVID L. NICHOLSON, CLERK        Clerk
                                    By: _____ D.C.

| Proof of Service |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2____        Served by: _____ |
|                                                                          Title _____ |

| AOC-105 | Doc. Code: CI | | Case No. | 15 CI 00077 |
| Rev. 1-07 | | | Court | ✔ Circuit ☐ District |
| Page 1 of 1 | | CIVIL SUMMONS | County | Jefferson |
| Commonwealth of Kentucky | | | | |
| Court of Justice    www.courts.ky.gov | | | | |
| CR 4.02; CR Official Form 1 | | | | |

PLAINTIFF

JEFFERSON CIRCUIT
DIVISION EIGHT (8)

PHARMERICA CORPORATION and PHARMERICA EAST, INC.
1901 Campus Place

Louisville        Kentucky        40299

VS.

DEFENDANT

CORYELL COUNTY MEMORIAL HOSPITAL AUTHORITY

Service of Process Agent for Defendant:

David K. Byrom

Coryell Memorial Healthcare System

507 W. Main St.

Gatesville        Texas        76528

SIGN HERE

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

        You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on
your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.                          DAVID L. NICHOLSON, CLERK

Date: FEB 1 3 2015                                                            Clerk

                                    By: _____ D.C.

| Proof of Service |
| --- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| this _____ day of _____, 2_____ |
| Served by: _____ |
| Title _____ |

FILED
JEFFERSON CIRCUIT COURT

2015 MAR  3  PM 3 00

BY _____ D.C.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Eliezer Scheiner
5 Celia Ct.
Sufern, NY  10901

15-CI-00775 ⑧ SC

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Franz Corbett   □ Agent   □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail®   □ Priority Mail Express™
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)
7014 0510 0000 4469 6164

PS Form 3811, July 2013



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

Teddy Lichtschein
12 Mark Drive
Spring Valley, NY 10977

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

15-CI-00775 ⑧
SC

3. Service Type
☒ Certified Mail®      ☐ Priority Mail Express™
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7014 0510 0000 4469 6157

PS Form 3811, July 2013              Domestic Return Receipt